**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Victor MENDEZ, Defendant–Appellant.**

No. 03–5225.

United States Court of Appeals, Sixth Circuit.

May 3, 2004.

Paul W. Laymon, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Barry L. Abbott, Cavett & Abbott, Chattanooga, TN, for Defendant–Appellant.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; and RICE, District Judge.*

## ORDER

Victor Mendez, a federal prisoner proceeding through counsel, appeals his conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A grand jury indicted Mendez on one count of conspiracy to distribute at least 500 grams of a mixture containing methamphetamine (Count 1) and one count of carrying a firearm during and in relation to a drug-trafficking offense (Count 9). See 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B), and 18 U.S.C. § 924(c). The district court denied Mendez's motion to suppress evidence, concluding that the search of Mendez was lawful under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). After a five-day trial and the court's denial of Mendez's motion for a judgment of acquittal, a jury convicted Mendez of the lesser-included offense of conspiracy to distribute at least 50 grams of methamphetamine mixture as well as the firearm charge. In preparing a presentence investigation report (PSR), the probation officer calculated Mendez's offense level based on 2.95 kilograms of methamphetamine mixture. Mendez objected, arguing that the jury had essentially acquitted him of distributing 500 grams or more of methamphetamine mixture. The district court denied the motion and sentenced Mendez to a total of 211 months in prison.

In his timely appeal, Mendez asserts that: 1) the district court erred by denying his motion to suppress; 2) the district court erred by denying his request for the addict-informant pattern jury instruction; 3) the evidence was insufficient to sustain his conviction for conspiracy; and 4) the district court erred by sentencing him based upon 2.95 kilograms of methamphetamine mixture.

■ Mendez first contends that the district court erred by denying his motion to suppress the firearm because the police, based solely on information from a co-defendant, Paula Riley Crouch, had engineered his arrival at a motel where Crouch

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

was staying and the subsequent search. Mendez argues that *Terry* should not be extended to permit law enforcement to generate circumstances which give rise to reasonable suspicion of criminal activity. Mendez concedes no case law supports his position.

When reviewing a district court's decision on a motion to suppress, this court reviews factual findings for clear error and legal conclusions de novo. *United States v. Elmore*, 304 F.3d 557, 560 (6th Cir. 2002). In *Terry*, the Supreme Court held that a police officer, who reasonably believes that criminal activity is afoot and that the suspect is armed, may detain the suspect and conduct a pat-down search to determine if the suspect is in fact carrying a weapon. 392 U.S. at 30.

The district court properly denied the motion to suppress. The district court properly concluded that no case law supported Mendez's proposition that the police violated Mendez's constitutional rights by having Crouch set him up. To hold otherwise would drastically impinge on the ability of police to investigate crime. Furthermore, the circumstances of the search fell within the bounds of *Terry*. At the request of police, Crouch had called Mendez to ask him to deliver methamphetamine and pick up payment for a drug debt. When Mendez arrived in response to this request and appeared to be armed, police justifiably searched him and discovered a firearm.

■ Second, Mendez argues that the district court erred by denying his request for the addict-informant pattern jury instruction. Mendez contends that the instruction was required because Crouch and two other co-defendants (Sandridge and Davis) were all addicted to methamphetamine and their testimony was uncorroborated.

The district court did not err by refusing to give the addict-informant instruction. *See United States v. Williams*, 952 F.2d 1504, 1512 (6th Cir.1991). The need for the addict-informant instruction is based upon the circumstances of the case and is not required merely because an addict testifies. *See Scott v. Mitchell*, 209 F.3d 854, 883 (6th Cir.2000). In the instant case, there was no evidence that the co-defendants were addicted at the time of trial or that past use had impaired their memories, and their testimony could not have been motivated by an abnormal fear of going to prison and losing access to methamphetamine as all three were already incarcerated. *See id.* at 882–83; *see also* Sixth Circuit Pattern Criminal Jury Instructions § 7.06B. Furthermore, the district court gave an instruction similar to the pattern jury instruction and charged the jury to consider the testimony of the co-defendants with more caution than the testimony of other witnesses and to refrain from convicting Mendez based on the unsupported testimony of these witnesses, standing alone, unless the jury believed the testimony beyond a reasonable doubt.

■ Third, Mendez argues that the evidence was insufficient to sustain his conviction for conspiracy because the testimony of Crouch, Sandridge, and Davis was uncorroborated and insufficient evidence was presented to show Mendez's knowledge, intent, or participation in their activities.

Mendez's conviction for conspiracy is supported by sufficient evidence. Evidence is sufficient to support a conviction if any rational trier of fact would accept the evidence as establishing each essential element of the crime. *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To show a conspiracy under 21 U.S.C. § 846, "the government must prove the existence of an agreement

to violate the drug laws and that each conspirator knew of, intended to join and participated in the conspiracy." *United States v. Pearce,* 912 F.2d 159, 161 (6th Cir.1990) (quoting *United States v. Stanley,* 765 F.2d 1224, 1237 (5th Cir.1985)). A formal or express agreement is unnecessary to establish a conspiracy under § 846; a mere "tacit or mutual understanding among the parties" is sufficient. *United States v. Phibbs,* 999 F.2d 1053, 1063 (6th Cir.1993). To establish a violation of § 841(a)(1), the government must prove knowing possession of a controlled substance with intent to distribute. *United States v. Christian,* 786 F.2d 203, 210 (6th Cir.1986).

Mendez's challenge to the sufficiency of the evidence lacks merit because he primarily challenges the credibility of his co-defendants. "Attacks on witness credibility are simple challenges to the quality of the government's evidence and not the sufficiency of the evidence." *United States v. Gibbs,* 182 F.3d 408, 424 (6th Cir.1999) (quoting *United States v. Sanchez,* 928 F.2d 1450, 1457 (6th Cir.1991) (quoting *United States v. Adamo,* 742 F.2d 927, 932 (6th Cir.1984))). It was for the jury, not this court, to decide whether the co-defendants were credible, and we will not disturb that determination. Regardless, Mendez's conspiracy conviction was supported by sufficient evidence from his co-defendants' testimony. In particular, Crouch's testimony of Mendez's near daily sales of methamphetamine to her in amounts exceeding those required for her personal consumption constitutes sufficient evidence to establish a conspiracy.

█   Mendez next argues that the district court erred by sentencing him based upon 2.95 kilograms of methamphetamine mixture because the jury rejected Crouch's testimony concerning the amount distributed and convicted him of distributing a lesser amount.

The district court did not err by holding Mendez responsible for 2.95 kilograms of methamphetamine mixture as the evidence in the record reasonably supported the determination. *See United States v. Bartholomew,* 310 F.3d 912, 923 (6th Cir.2002), *cert. denied,* 537 U.S. 1177, 123 S.Ct. 1005, 154 L.Ed.2d 923 (2003). The probation officer conservatively calculated the quantity based on Crouch's testimony that she received a minimum of two ounces a week for one year from Mendez. Mendez did not meet his burden of showing that this information was inaccurate. *United States v. Westbrook,* 986 F.2d 180, 182 (7th Cir. 1993). Furthermore,

> [a]ny appearance of inconsistency between the district judge's and the jury's findings is obviated when one considers the differing standards of proof in the two contexts. It is entirely plausible that a district judge could find one drug quantity made out by a preponderance of the evidence even though the jury found a lesser quantity proved beyond a reasonable doubt.

*United States v. Solorio,* 337 F.3d 580, 596 n. 14 (6th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 850, 157 L.Ed.2d 723 (2003).

Accordingly, the district court's judgment is affirmed.