File Name: 06a0533n.06

Filed: July 31, 2006

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 05-2593

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALBERTO PEREZ-GARCIA,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

_____/

Before:      MARTIN and GILMAN, Circuit Judges; and SARGUS, District Judge.[*]

      BOYCE F. MARTIN, JR., Circuit Judge. The defendant, Alberto Perez-Garcia, was charged with being found in the United States without permission after having been deported subsequent to an aggravated felony conviction in violation of 18 U.S.C. § 1326(a) and (b)(2). Perez-Garcia pled guilty and was sentenced to a term of seventy-seven months imprisonment. He now challenges his sentence by arguing that it was unreasonable. We affirm the defendant's sentence.

I.

_____

[*]The Honorable Edmund A. Sargus, Jr., United States Judge for the Southern District of Ohio, sitting by designation.

Perez-Garcia is a citizen of Mexico without any legal status in the United States. He has several, mostly drug-related, convictions,[1] including a 1991 cocaine trafficking offense, which made him an aggravated felon under 8 U.S.C. § 1101(a)(43)(B). Perez-Garcia was deported or removed from the United States in 1993, 1995, and 1997. In July 2005, he was arrested in Michigan for disorderly conduct and then turned over to federal authorities.

A presentence report was prepared and Perez-Garcia did not object to it. It calculated a total offense level of twenty-one, as a result of the prior drug trafficking conviction, and a criminal history category of VI. This led to an advisory guideline range of seventy-seven to ninety-six months. Prior to sentencing, Perez-Garcia filed a sentencing memorandum, in which he claimed that his most recent illegal re-entry was in order to visit his mother in North Carolina following an automobile accident. It is not clear how the defendant came to be in Michigan where he was arrested for disorderly conduct.

At his sentencing, Perez-Garcia advised the United States marshals present that "he has no respect for federals," and that "[h]e came here today to die, and he didn't care if the federals shot him." In conversation with the district court, the defendant stated that "it was like a game for me to make fun of the law, to laugh at the law in many ways: selling drugs, bringing in drugs." The defendant claimed that after coming to see his mother in North Carolina, he turned down a job selling drugs, but then took another job doing something, "[b]ut I partied. I partied. I like to party.

---

[1]These convictions include attempted unlawful delivery of a controlled substance, cocaine, possession of a narcotic controlled substance, selling marijuana/hashish, possession of a controlled substance sale, crack cocaine, cocaine base, and being a deported alien found in the United States.

I drank. I drank too much beer." Perez-Garcia also expressed his frustration with the laws of the United States.

The district court then imposed a seventy-seven month sentence and provided the following explanation:

> I've carefully reviewed the presentence investigation report, the sentencing guidelines, and the factors under 18 United States Code Section 3553(a). I think that a sentence within the guideline range is a reasonable sentence in this particular case. Let me briefly explain why.
>
> First of all, we have a criminal history that is in Category VI. He says, in essence, that he's changed. But the fact that he has been deported so often from the United States finally should teach even me a lesson, that he may be sincere, but eventually we have to go on what the record is. And he is a twice convicted drug-trafficker and two other times for possession. And he even has a criminal conviction for having come into the United States illegally on prior occasions — or, one prior occasion out of the five occasions that he was sent back.
>
> I think that, despite what he says — I don't think, but I have a great fear that if he were deported today, for example, he would be back into the United States doing something.
>
> And as [the prosecutor] said, I can be sympathetic towards someone wanting to see his mother, not under these circumstances so much, he might want that. But, nonetheless, a person like that would ordinarily, in my judgment, be deterred from even visiting a sick mother if that's what the law required. And in this particular case, the law of the United States requires it, apparently, except under the narrow exception for the family emergencies that [the prosecutor] pointed out . . . It is the Court's intent to impose a sentence of 77 months incarceration, which is within the guideline range, three years of supervised release. I'll waive the fine, a special assessment of $100.

## II.

Perez-Garcia now appeals his sentence arguing that it is unreasonable. He has not identified any specific factor under section 3553(a) that the district court failed to consider or consideration of which would render the sentence unreasonable. Instead, Perez-Garcia has made a generalized

assertion that the district court failed to "give individual consideration to the sentencing factors listed in 18 U.S.C. § 3553(a)" and that his sentence is "procedurally unreasonable."

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the federal sentencing guidelines are now advisory. A district court must "impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in [§ 3553(a)(2)]." 18 U.S.C. § 3553(a). This Court now reviews sentences for reasonableness. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005); *see also United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006) (stating that reasonableness is the *appellate* standard of review). We have held that "we may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such consideration." *Webb*, 403 F.3d at 383.

In *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), this Court determined that a sentence within a properly calculated advisory guideline range is afforded a presumption of reasonableness. Nevertheless, this "rebuttable presumption does not relieve the district court of the obligation to consider other relevant statutory factors or sufficiently articulate its reasoning so as to permit reasonable appellate review." *United States v. Morris*, — F.3d —, 2006 U.S. App. LEXIS 12250, at *5 (6th Cir. May 19, 2006) (citing *United States v. Richardson*, 437 F.3d 550 (6th Cir. 2006)); *see also Foreman*, 436 F.3d at 644 (explaining that "*Williams* does not mean that a Guideline sentence will be found reasonable in the absence of evidence in the record that the district court considered all of the relevant section 3553(a) factors"); *United States v. Jackson*, 408 F.3d

301, 305 (6th Cir. 2005) (reaffirming that "we as an appellate court must still have the articulation

of the reasons the district court reached the sentence ultimately imposed"). Although we do not

require "the ritual incantation of these factors to affirm a sentence," *Williams*, 436 F.3d at 708-09,

there must be "sufficient evidence in the record to *affirmatively demonstrate* the court's

consideration" of the relevant section 3553(a) factors, *United States v. McBride*, 434 F.3d 470, 476

n.3 (6th Cir. 2006). In this case, the district court properly calculated the advisory guideline range.

The court then imposed a sentence at the very bottom of that advisory range. The court provided

a reasonable and sufficient, if not ideal, explanation for its sentence. The court discussed the

defendant's criminal history and the defendant's professed rehabilitation (which the court

disbelieved based on the number of deportations). The district court discussed the need to teach the

defendant a lesson in light of the number of deportations and drug trafficking convictions. The court

discussed the need to prevent future crimes by the defendant — that is, the likelihood that with a

lesser sentence, the defendant would immediately and illegally return to the United States once

again. In response to the defendant's explanation about entering the United States to visit his

mother, the court considered the defendant's family circumstances, and concluded that under these

circumstances, it would not give them great weight. The court also considered, though briefly, the

need to avoid unwarranted sentencing disparities.

In his reply brief the defendant suggests that a sixty month sentence is every bit as reasonable

as a seventy-seven month sentence. When considering that a district court's mandate is to "impose

a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [section

3553(a)(2)]," the defendant's argument has some surface appeal. If sixty months would also have

been a reasonable sentence, then seventy-seven months may be greater than necessary to meet the purposes of sentencing. Nevertheless, there has to be some "range of reasonableness," *United States v. Saenz*, 428 F.3d 1159, 1165 (8th Cir.2005), within which a district court's sentence would not be found unreasonable. This Court is properly deferential in accepting that there is a range of reasonableness (despite what this Court may have done if it were sentencing in the first instance) when the district court reasonably explains its rationale for reaching such a sentencing determination. That occurred here, and therefore, we affirm the sentence imposed. Moreover, on appeal, the defendant has failed to offer "any explanation [] as to what factors listed in § 3553(a) the district court should have considered, or how these factors would have made a difference in the sentence he received." *United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005).

III.

For the reasons discussed above, we AFFIRM the sentence imposed by the district court.