**NOT RECOMMENDED FOR FULL TEXT PUBLICATION**
File Name: 07a0278n.06
Filed: April 13, 2007
No. 06-3514

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
 *Plaintiff, Appellee*

           On Appeal from the United States District
           Court for the Southern District of Ohio

   v.
OCEANUS PERRY,
 *Defendant, Appellant*

_____/

**BEFORE:  KENNEDY, MOORE, and McKEAGUE, Circuit Judges.**

**KENNEDY, Circuit Judge.**  Oceanus Perry appeals his renewed sentence for bank robbery

following remand in light of *United States v. Booker*, 543 U.S. 220 (2005).  On this appeal, he argues

that (1) his renewed sentence is unreasonable and (2) that the jury instruction that led to his

conviction was improper.  We **AFFIRM**.

**BACKGROUND**

Our earlier opinion in this case, *United States v. Perry*, 438 F.3d 642 (6th Cir. 2006), *cert.*

*denied*, 126 S. Ct. 2045 (2006), sufficiently details the facts in this case.  Therefore, we note only

those facts most relevant to this appeal.

Perry was convicted of two bank robberies.  Before his conviction in this case, a jury in the

Northern District of Ohio convicted Perry of two counts: one of bank robbery in violation of 18

U.S.C. § 2113(a) and (d) and one of brandishing a firearm during a crime of violence in violation

of 18 U.S.C. § 924(c).  He was then transferred to the Southern District of Ohio to stand trial for this,

unrelated, bank robbery. He was again convicted by a jury on both bank robbery and brandishing counts.

Before sentencing the case was transferred to a different district judge. The judge presiding over the conviction proceedings recused himself from sentencing because he had received threatening letters from Perry. The new judge declined to add a two-level adjustment to Perry's offense level calculation for obstruction of justice on account of these letters and sentenced him to 63 months for the bank robbery charge, 41 months of which was to run concurrently with the sentence imposed by the Northern District of Ohio on the earlier unrelated robbery and brandishing charges and 22 months of which was to run consecutively to them.

Section 924(c) requires that a district court impose a mandatory minimum sentence for brandishing a firearm during a crime of violence. This mandatory minimum is in addition to any sentence the defendant receives for the underlying crime of violence. 18 U.S.C. § 924(c)(1)(A). The minimum penalty for the first conviction for brandishing under § 924(c) is 7 years. *Id.* § 924(c)(1)(A)(ii). The minimum penalty for any subsequent conviction for brandishing is 25 years. *Id.* § 924(c)(1)(C)(i). In this case, the 41-month concurrent portion of Perry's sentence for bank robbery, while concurrent with the 41-month sentence Perry received for bank robbery in the Northern District, did not overlap with the mandatory 7-year sentence for brandishing a firearm during that crime. The judge in this case also sentenced Perry to the mandatory 25 years on the brandishing count, which is required by statute to run consecutively to all of his other sentences. As a result, the combined sentence is 37 years and 3 months; 7 years for the first brandishing offense, 25 years for the second brandishing offense, 41 months for the first bank robbery, and 22 months of consecutive time for the second bank robbery.

2

Perry appealed the conviction and sentence in the Southern District on numerous grounds. We affirmed the conviction on both counts as well as the mandatory sentence for the violation of 18 U.S.C. § 924(c). *Perry*, 438 F.3d at 653. Nonetheless, in light of *United States v. Booker*, 543 U.S. 220 (2005), we remanded for reconsideration of the sentence imposed for the Southern District bank robbery charge. The district judge reimposed the 63-month sentence, again with 41 months to run concurrently with and 22 months to run consecutively to Perry's earlier Northern District sentence. Perry has timely appealed.

## ANALYSIS

### I. Reasonableness of the Sentence

Post-*Booker*, we review sentences for reasonableness. *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006). Our circuit considers this a two-fold inquiry: Was the sentence imposed both (a) procedurally and (b) substantively sound? *Id.* at 808. Procedural reasonableness requires the district judge to "consider" the factors outlined in 18 U.S.C. § 3553(a) and explain why the factors justify the sentence imposed; the purpose of this requirement is to facilitate appellate review. *United States v. James Williams*, 432 F.3d 621, 623 (6th Cir. 2005). "[T]his standard does not require that a judge be an automaton, listing inapposite factors by rote." *United States v. Smith*, 474 F.3d 888, 2007 U.S. App. LEXIS 1707, *12 (6th Cir. 2007). A sentence fulfills the requirement of substantive reasonableness unless "the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Collington*, 461 F.3d at 808 (citing *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)). Even post-*Booker*, however, we still defer to the United States Sentencing Guidelines ("Guidelines") as they reflect "nearly two decades of

3

considered judgment about the range of appropriate sentences," *United States v. Buchanan*, 449 F.3d 731, 736 (6th Cir. 2006) (Sutton, J., concurring). As such, we attach a presumption of reasonableness to a sentence within the range recommended by the Guidelines. *United States v. Leonard Jermain Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

At the second sentencing hearing, the court noted that the recommended range was 51 to 63 months. Perry does not dispute that computation. The court noted its obligation to consider the § 3553(a) factors and found that the nature of the circumstances were "quite aggravated." In addition, it recognized the need for "deterrence and protection of the public." It recognized but did not give considerable weight to Perry's participation in the drug program and work record in prison. Finally, it concluded that, in light of all the factors, the sentence originally imposed was appropriate. Upon review, we conclude that the court's discussion satisfied the procedural reasonableness requirement.

Perry argues that a sentence of, effectively, 22 months is greater than necessary to comply with the purposes of sentencing because he is already serving approximately 35 years. This argument is erroneous. While the 35-year sentence, which Congress has made mandatory, is certainly a long time, that fact does not convince us that Perry should, *ipso facto*, receive reprieve for his additional crime. Rather, the overall length of sentence is a consideration for the district judge. The district judge did give Perry some concession both by running almost two-thirds of his sentence concurrent with the sentence from his earlier conviction and by declining to add a two-level adjustment to his offense level calculation. As the district judge noted, "it would . . . be illogical to essentially find that no time was due with regard to the one count upon which the Court is to resentence."

4

Perry also argues that the court did not properly consider one of the § 3553(a) factors, namely rehabilitation. He notes that 18 U.S.C. § 3582(a) states that "imprisonment is not an appropriate means of promoting correction and rehabilitation." Rehabilitation is but one factor, however. The district court must consider all the factors, but need not necessarily "engage in a ritualistic incantation" of the factors. *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005) (internal quotation marks and citation omitted). Therefore, the court's failure to discuss the rehabilitative value of the additional 22 months for bank robbery at re-sentencing is not conclusive.[1] Rather, the district court explicitly recognized the applicability of all of the factors and discussed those it thought were most appropriate. It did not place inappropriate weight on any one factor, did not consider impermissible factors, and chose a sentence that was within the range recommended by the Guidelines. Therefore, there is no reason to overturn the presumption that the sentence is substantively reasonable.

## II. Jury Instruction

Perry next contends that the jury instruction that led to his conviction was erroneous. He did not raise this issue on his first appeal. Therefore, he has waived this claim. "[W]hen a party fails to seek review of a district court's final order, it is barred from reasserting that issue in any subsequent appeals." *United States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000). "While the district court may entertain any issues it feels are relevant to the overall sentencing decision

---

[1] While the court discussed, as a favorable factor, Perry's behavior in prison during the period from incarceration to resentencing, it did not discuss the rehabilitative value of the consecutive 22 months to which it sentenced Perry for the second bank robbery. It is this omission to which Perry objects.

(following a general remand),[2] this does not give the parties license to re-assert issues that should have been raised during an earlier appeal." *Id.* (citations omitted).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

---

[2]We note that we have previously held that *Booker* remands are not general, but rather are limited in scope. *See United States v. Worley*, 453 F.3d 706, 709-10 (6th Cir. 2006).

6