RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 07a0315p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 05-6777

VICTOR MENDEZ,

*Defendant-Appellant.*

>

---

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 01-00190—Curtis L. Collier, Chief District Judge.

Submitted: July 27, 2007

Decided and Filed: August 15, 2007

Before: SILER and COOK, Circuit Judges; and REEVES, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Barry L. Abbott, CAVETT & ABBOTT, Chattanooga, Tennessee, for Appellant. Gregg L. Sullivan, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

---

## OPINION

---

PER CURIAM. Victor Mendez was convicted of conspiracy to distribute methamphetamine and carrying a firearm during and in relation to a drug trafficking crime. He challenges his sentence, and we affirm.

I

A grand jury indicted Mendez for conspiracy to distribute 500 grams or more of a substance containing methamphetamine, 21 U.S.C. § 841(a)(1), and for carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c). After a trial, the jury foreman checked "no" on the verdict form to indicate that the government had not proven beyond a reasonable doubt that the offense involved at least 500 grams; however, he checked "yes" to indicate that the government

---

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

had proven at least 50 grams beyond a reasonable doubt.  The jury also convicted on the firearm charge.  The Presentence Investigation Report (PSIR) attributed to Mendez 2.95 kilograms of methamphetamine based on trial testimony of Mendez's customer, Paula Crouch. Mendez objected to the PSIR's drug quantity, arguing that it would be improper for the sentencing court to rely on the PSIR's calculation of 2.95 kilograms after the jury had rejected the 500-gram offense in favor of the 50-gram offense.  The court overruled Mendez's objection and concluded that the PSIR accurately stated the facts of the case.  The court sentenced Mendez to 211 months: 151 months[1] on the drug conspiracy count and a 60-month mandatory minimum consecutive sentence on the firearm count.  This court affirmed the sentence.  *United States v. Mendez*, 97 F. App'x 583, 586 (6th Cir. 2004).  The Supreme Court granted certiorari, vacated, and remanded for reconsideration in light of *United States v. Booker*. *Mendez v. United States*, 543 U.S. 1104 (2005).  This court then vacated Mendez's sentence and remanded for resentencing.  At resentencing, the district court explained that it believed the Sixth Circuit had vacated Mendez's sentence not because the district court erred in adopting the facts recited in the PSIR, but rather because the district court had treated the Guidelines as mandatory.  Therefore, the court acknowledged the newly advisory status of the Guidelines, reiterated its adoption of the facts recited in the PSIR, and resentenced Mendez to the same term as before.  Mendez appealed.

II

Mendez argues that the district court used an improper Guidelines range at resentencing. This argument stems from the language used in this court's post-*Booker* order remanding for resentencing, which reads, in relevant part:

> We conclude that the plain error test is satisfied.  First, the district court erred by sentencing Mendez under mandatory sentencing guidelines to a higher drug quantity than was found by the jury beyond a reasonable doubt.  The jury had convicted Mendez of conspiring to distribute at least 50 grams of a methamphetamine mixture, which corresponds to level 26. *Combined with Mendez's criminal history category of I, his guideline range should have been 63 to 78 months in prison for the conspiracy count.* The district court, however, sentenced Mendez to 151 months in prison for the conspiracy count, after finding by a preponderance of the evidence that Mendez was responsible for distributing 2.95 kilograms of methamphetamine mixture.  We note, however, that *Booker* does not affect Mendez's sentence for carrying a firearm during a drug-trafficking offense as he was sentenced to the mandatory minimum of 60 months in prison on that count.

Mendez appears to make two arguments: (1) that the district court was somehow *bound* by language in the Sixth Circuit's order (italicized above) to use the 63 to 78 month range; and (2) that "the District Court failed to utilize the accurate guideline range at sentencing" (presumably because it attributed 2.95 kilograms of methamphetamine to Mendez).  Both arguments fail.

The first argument implicates two complementary doctrines:  the law-of-the-case doctrine and the mandate rule.  "Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) (citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993)).  The mandate rule "requires lower courts to adhere to the commands of a superior court." *Id.* (citing *Bell*, 988 F.2d at 251).  Though both doctrines "generally preclude a lower court from reconsidering an issue expressly or impliedly decided by a superior court," *id.*, one must still

---

[1]This represents the lower end of the Guidelines range for this count, as Mendez's Criminal History Category of I and Offense Level of 34 suggest a range of 151–88 months.

determine whether the issue actually was "expressly or impliedly decided."  In *Bell*, the First Circuit instructed that "[a]n appellate court's disposition of an appeal must be read against the backdrop of prior proceedings in the case."  988 F.2d at 250.

We read the order remanding for resentencing in light of *Booker* as not purporting to bind the lower court to the 63 to 78 month range.  Although the remand order could have been clearer, we conclude that the language quoted above says nothing more than that Mendez's range "should have been 63 to 78 months" *under a mandatory Guidelines regime*, since that was the only range supported by a jury's beyond-a-reasonable-doubt factual findings.  So read, this language says nothing about the appropriate range under the *advisory* Guidelines regime to be used by the district court at the post-*Booker* resentencing.  We therefore reject Mendez's first argument.

Mendez's second argument seems to be that the district court could not have considered "acquitted conduct" to determine Mendez's Guidelines range.  In other words, Mendez complains that because the jury determined that he did *not* possess more than 500 grams, the district court should not have been allowed to attribute 2.95 kilograms to him at resentencing.

In *United States v. Watts*, the Supreme Court held "that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."  519 U.S. 148, 157 (1997).  *Watts* preceded *Booker*, but this court has repeatedly held since *Booker* that sentencing courts may still find facts using the preponderance-of-the-evidence standard.  *See United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006); *United States v. Coffee*, 434 F.3d 887, 897–98 (6th Cir. 2006); *United States v. Stone*, 432 F.3d 651, 654–55 (6th Cir. 2005) ("*Booker* did not eliminate judicial fact-finding.  Instead, the remedial majority gave district courts the option, after calculating the Guideline range, to sentence a defendant outside the resulting Guideline range.").  And in *United States v. Brika*, 487 F.3d 450, 458–60 (6th Cir. 2007), this court concluded after a thorough analysis that *Booker* did not disturb *Watts*, and therefore confirmed that a post-*Booker* sentencing court may consider even "acquitted conduct" if it finds facts supporting that conduct by a preponderance of the evidence.[2]

In this case, the PSIR attributed 2.95 kilograms of methamphetamine to Mendez.  At the original, pre-*Booker* sentencing hearing, the court "decided that the presentence report accurately reflect[ed] the facts in the report."  A fair reading of the transcript confirms that the court was applying the preponderance standard.  On direct appeal (before the Supreme Court's *Booker* remand), this court affirmed the district court's use of 2.95 kilograms because "the evidence in the record reasonably supported the determination."  *Mendez*, 97 F. App'x at 586.  Neither the Supreme Court's remand nor this court's corresponding remand questioned the accuracy of this finding, and at resentencing, the court correctly remarked, "The circuit court . . . did not disturb the Court's findings regarding the accuracy of the presentence report, [or] the facts stated in the report . . . .  Therefore all the Court's earlier rulings will stand."  Because *Watts* and *Brika* permit consideration of such "acquitted conduct," we reject Mendez's argument.

### III

In the second section of his brief, Mendez appears to make two additional arguments.  The first one is that the district court incorrectly calculated Mendez's Guidelines range, and that additional factual findings would have been required for the district court to attribute 2.95 kilograms

---

[2]*Brika* specifically concerned not "acquitted conduct" but "conduct on which a jury could not agree"—or, to coin a phrase, "deadlocked conduct."  *See Brika*, 487 F.3d at 458.  But *Brika* saw no meaningful distinction between the two, and neither do we.  *See id.* at 459 ("[W]e see no reason to exclude from the court's consideration conduct on which a jury either deadlocked or rendered a judgment of acquittal.").

of methamphetamine to Mendez. The second one suggests that his sentence is "procedurally unreasonable" because the resentencing court failed to consider the 18 U.S.C. § 3553(a) factors. Both of these arguments fail.

The first is simply a retread of counsel's oft-repeated argument that the district court should not have attributed 2.95 kilograms of methamphetamine to Mendez. As stated above, before the Supreme Court's *Booker* remand, this court affirmed the district court's attribution of 2.95 kilograms because "the evidence in the record reasonably supported the determination." *Mendez*, 97 F. App'x at 586. And on remand from the Supreme Court, this court said nothing of the *accuracy* of the district court's findings. Therefore, we reject this argument.

The second argument is that the district court failed to consider the § 3553(a) factors and thereby imposed a "procedurally unreasonable" sentence. *See, e.g.*, *United States v. Smith*, 474 F.3d 888, 894 (6th Cir. 2007) ("Procedural reasonableness requires a sentencing judge to 'consider' the factors outlined in 18 U.S.C. § 3553(a)."). Mendez criticizes the district court's consideration of the factors as cursory. At best, this argument could be interpreted as criticizing the court for only *explicitly* considering the Guidelines range, 18 U.S.C. § 3553(a)(4), and "the nature and circumstances of the offense and the history and characteristics of the defendant," *id*. § 3553(a)(1). Although the district court's explanation at resentencing was short, we conclude that Mendez's sentence was not "procedurally unreasonable."

A district court need not engage in "ritualistic incantation" of the § 3553(a) factors. *E.g.*, *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005). Though the district court at resentencing did not explicitly enumerate any of the factors, it obviously considered the appropriate Guidelines range, 18 U.S.C. § 3553(a)(4), and its statement that it would be "[t]aking into account the nature and circumstances of the offense and [Mendez's] history and . . . characteristics" parallels the language of 18 U.S.C. § 3553(a)(1). Moreover, given the limited nature of the *Booker* remand, *see, e.g.*, *United States v. Perry*, No. 06-3514, 2007 WL 1113264, at *3 n.2 (6th Cir. Apr. 13, 2007) (citing *United States v. Worley*, 453 F.3d 706, 709–10 (6th Cir. 2006)), we may look to the more thorough explanation furnished at the original sentencing hearing. At the initial sentencing, the court gave careful consideration to the circumstances of the offense and the defendant's history, 18 U.S.C. § 3553(a)(1), when it remarked how stiff the Guidelines sentence seemed for a young man with no criminal history. The court also took care "to provide the defendant with [other] needed . . . correctional treatment," *id*. § 3553(a)(2)(D), when it recommended Mendez for a drug treatment program. And the court's imposition of a sentence at the absolute bottom of the Guidelines range suggests it attempted to make the punishment fit the crime; *See id*. § 3553(a)(2)(A)–(C). Considering these proceedings together, the district court's explanation of its sentencing decision surely "'allow[s] for reasonable appellate review.'" *United States v. Ward*, 447 F.3d 869, 871 (6th Cir. 2006) (quoting *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005)); *see also Rita v. United States*, 127 S. Ct. 2456, 2469 (2007).

Mendez's sentence falls within the (correctly-calculated) advisory Guidelines range and therefore is presumed reasonable. *E.g.*, *Rita*, 127 S. Ct. at 2462; *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). This presumption may be rebutted, *Williams*, 436 F.3d at 708, but Mendez has not done so. His only argument at resentencing (other than the one regarding the scope of the Sixth Circuit's remand order) was that the court should consider various post-incarceration rehabilitative efforts. But a district court resentencing a defendant after a *Booker* remand is "not required to consider any of [the defendant's] post-sentencing rehabilitative efforts." *United States v. Monday*, 218 F. App'x 419, 424 (6th Cir. 2007); *see also United States v. Adams*, 209 F. App'x 530, 535 (6th Cir. 2006); *Worley*, 453 F.3d at 709–10. Mendez presents no argument why any particular § 3553(a) factor renders his sentence unreasonable, which further undermines his position. *See, e.g.*, *United States v. Kerrent*, 219 F. App'x 448, 450 (6th Cir. 2007) (per curiam) (noting that § 3553(a)(6) "did not apply because [the defendant] never argued that his within-guidelines sentence

would create sentencing disparities"); *United States v. Perez-Garcia*, 191 F. App'x 389, 392 (6th Cir. 2006); *United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005) ("Nor has [the defendant] offered any explanation on appeal as to what factors listed in § 3553(a) the district court should have considered, or how these factors would have made a difference in the sentence he received."). We therefore conclude that Mendez's sentence was not "procedurally unreasonable."

IV

For these reasons, we affirm.