*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0409p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROGER CLAYTON WHITE,

*Defendant-Appellant.*

No. 05-6596

>

---

Appeal from the United States District Court
for the Eastern District of Kentucky at Covington.
No. 02-00027—David L. Bunning, District Judge.

Submitted: January 26, 2007

Decided and Filed: October 5, 2007

Before: MERRITT, DAUGHTREY, and GRIFFIN, Circuit Judges.

---

## COUNSEL

**ON BRIEF:** Kevin M. Schad, SCHAD & SCHAD, Lebanon, Ohio, for Appellant. Charles P. Wisdom, Jr., Andrew Sparks, ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee. Roger Clayton White, Ashland, Kentucky, pro se.

The court delivered a PER CURIAM opinion. GRIFFIN, J. (p. 3), delivered a separate opinion concurring in the result.

---

## OPINION

---

PER CURIAM. In this sentencing appeal, after two members of the panel agreed to an opinion reversing the defendant's 14-year-upward adjustment based specifically on conduct for which the jury had acquitted the defendant, another panel of our court rendered an opinion in *United States v. Mendez*, ____ F.3d ____, 2007 WL 2316498 (6th Cir., Aug. 15, 2007) to the contrary. The panel in *Mendez* filed its opinion for publication before the majority released its opinion in the instant case. The *Mendez* opinion reaches the opposite conclusion concerning the use of acquitted conduct to enhance a criminal sentence. It continues to allow the use of acquitted conduct to increase a sentence. If the majority in the instant case had filed its opinion, a conflict of opinions would exist in the Sixth Circuit.

Therefore, the panel has agreed to affirm the sentence in the instant case, including the enhancement based on acquitted conduct; but the panel strongly recommends that counsel for the

defendant file a petition for en banc rehearing on the question of whether the continuing use of acquitted conduct as a sentencing enhancement violates *United States v. Booker*, 543 U.S. 220 (2005), particularly in light of the language in Justice Stevens' opinions at pages 240 and 278 and Justice Breyer's opinion in *Booker* at page 251.

Upon the filing of the en banc petition, the three members of the panel will strongly recommend that the full court grant the en banc petition to review this important question. The panel does not believe that the other issues raised by defendant justify reversal of the judgment below.

Accordingly, for these reasons and based on the *Mendez* opinion, the panel affirms the judgment of the District Court.

---

### CONCURRING IN THE RESULT

---

GRIFFIN, Circuit Judge, concurring in the result. I concur in the result of the per curiam opinion. I, too, view the "acquitted conduct" sentencing issue to be of exceptional importance to our jurisprudence, thereby warranting rehearing en banc. FED. R. APP. P. 35(a)(2), 6 CIR. R. 35(c).

However, at this juncture, I am inclined to conclude that *United States v. Mendez*, — F.3d —, 2007 WL 2316498 (6th Cir. Aug. 15, 2007), and *United States v. Brika*, 487 F.3d 450 (6th Cir. 2007), were correctly decided. *See also United States v. Horne*, 474 F.3d 1004, 1006-07 (7th Cir. 2007), *cert. denied* 127 S. Ct. 2957, 168 L. Ed. 2d 279, 75 U.S.L.W. 3662 (U.S. June 11, 2007); *United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir. 2005), *cert. denied sub nom. Lindo v. United States*, 547 U.S. 1060, 126 S. Ct. 1665, 164 L. Ed. 2d 405, 74 U.S.L.W. 3560 (U.S. Apr. 3, 2006); *United States v. Magallanez*, 408 F.3d 672, 683-85 (10th Cir. 2005), *cert. denied* 546 U.S. 955, 126 S. Ct. 468, 163 L. Ed. 2d 356, 74 U.S.L.W. 3230 (U.S. Oct. 11, 2005); *United States v. Duncan*, 400 F.3d 1297, 1304-05 (11th Cir. 2005), *cert. denied* 546 U.S. 940, 126 S. Ct. 432, 163 L. Ed. 2d 329, 74 U.S.L.W. 3229 (U.S. Oct. 11, 2005); *United States v. Edwards*, 427 F. Supp. 2d 17, 21 (D.D.C. 2006), *aff'd* 198 F. App'x 4 (D.C. Cir. 2006), *cert. denied* 127 S. Ct. 1815, 167 L. Ed. 2d 326, 75 U.S.L.W. 3497 (U.S. Mar. 19, 2007). *Cf.*, *United States v. Flores*, 477 F.3d 431, 438-39 (6th Cir. 2007); *United States v. Mickens*, 453 F.3d 668, 673 (6th Cir. 2006); *United States v. Stone*, 432 F.3d 651, 655 (6th Cir. 2005).