**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30139 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-05072-RJB-1 |
| v. | MEMORANDUM[*] |
| MICHAEL SCOTT NORRIS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted April 12, 2013
Seattle, Washington

Before: TASHIMA and CALLAHAN, Circuit Judges, and SEABRIGHT,[**]
District Judge.

Michael Scott Norris ("Norris") appeals his sentence imposed after pleading

guilty to eleven counts of Production of Child Pornography in violation of 18

U.S.C. §§ 2251(a), (e), and 2256. Norris seeks re-sentencing, arguing that (1) the

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

district court's advisory United States Sentencing Guidelines ("U.S.S.G.") calculation impermissibly double counted for the same conduct; (2) the district court erroneously concluded it lacked the authority to impose a sentence concurrent with a yet-to-be imposed (at that time) state court sentence; and (3) the district court erred in imposing plethysmograph testing as a condition of supervised release without making the findings required by *United States v. Weber*, 451 F.3d 552 (9th Cir. 2006). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm in part and vacate and remand in part.

## I

The district court did not impermissibly double count by imposing both (1) a two-level upward adjustment after grouping the crimes involving each child victim under U.S.S.G. §§ 3D1.2 to 3D1.4, and (2) a five-level enhancement for engaging in a pattern of activity involving prohibited sexual conduct under U.S.S.G. § 4B1.5(b)(1). Section 4B1.5(b)(1) expressly provides for a five-level enhancement "*plus* the offense level determined under Chapters Two and Three" (emphasis added), *e.g.*, plus adjustments under grouping rules in U.S.S.G. §§ 3D1.2 to 3D1.4. The sections address distinct harms and each serves a unique purpose. *See, e.g.*, *United States v. Gallegos*, 613 F.3d 1211, 1216 (9th Cir. 2010).

II

The government, under its reading of *Setser v. United States*, 132 S. Ct. 1463 (2012), concedes error in the district court's understanding that it lacked authority to order Norris' sentence to be concurrent with an un-imposed (at the time) state sentence.[3] Nevertheless, any error was harmless because, assuming *Setser* otherwise applies, the concurrent-consecutive sentence question is moot. *See Bulgo v. Munoz*, 853 F.2d 710, 714 (9th Cir. 1988) ("[A]ny possible error was harmless because the counterclaim was made moot[.]"). The state court subsequently imposed a state sentence to be concurrent with the federal sentence, and the Bureau of Prisons has given Norris credit for time served while he was in state custody prior to the government obtaining primary jurisdiction.[4]

III

The district court erred in imposing plethysmograph testing as a condition of supervised release. *Weber* held that this condition, which is "part and parcel" of a sentence, can be challenged at this stage. 451 F.3d at 557; *see also United States v.*

---

[3] Because we conclude that any error was harmless, we need not decide whether we agree with the government's reading of *Setser* under the circumstances of this case.

[4] After oral argument, the government supplemented the record (as agreed to by Norris during oral argument) with evidence that the Bureau of Prisons has credited Norris with the 2029 days previously spent in state custody.

3

*Rodriguez-Rodriguez*, 441 F.3d 767, 771-72 (9th Cir. 2006). The district court failed to make individualized, on-the-record findings as to the necessity of such testing, and did not address why "less intrusive alternatives" are inadequate. *Weber*, 451 F.3d at 568. The error was not harmless. *See United States v. Preston*, 706 F.3d 1106, 1122 (9th Cir. 2013) ("[I]t is not enough to assume that the district court would have ordered the testing had it conducted the inquiry."). We thus vacate the plethysmograph testing condition of supervised release, and remand to allow the district court to comply with *Weber* if the government chooses to pursue the condition of supervised release. *See id.*

**AFFIRMED in PART, VACATED and REMANDED in PART.**