NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0169n.06

No. 17-3748

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Mar 30, 2018<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Plaintiff-Appellee, | ) |  |
|  | ) |  |
| v. | ) | On Appeal from the United States |
|  | ) | District Court for the Northern |
| STEVEN CALMES, | ) | District of Ohio |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |

_____

**BEFORE: COLE, Chief Judge; GUY and DONALD, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge**. Defendant pleaded guilty to a 14-count indictment charging him with knowingly receiving material involving the sexual exploitation of a minor (count 1); sexual exploitation of minors (counts 2-10); and coercion and enticement of minors (counts 11-14). Although probation calculated a guideline sentence of life in prison, the district court varied downward, imposing a 360-month sentence. Defendant now appeals the procedural and substantive reasonableness of his sentence, arguing that his guidelines range should be 360 months to life. We affirm.

**I.**

In June 2014, a woman in Iowa discovered sexually inappropriate chat conversations on her 9-year-old granddaughter's tablet computer. Defendant, then in his late 30s, had met the

victim while playing games online and had directed her to a chat room where the inappropriate conversations occurred. Law enforcement traced the IP addresses used to communicate with the victim back to defendant's residence and place of employment. Law enforcement executed a search warrant at defendant's residence, and forensic examination of electronic devices seized from the home revealed 106 images and 63 videos of child pornography. This pornography was the primary basis for the charge in Count 1 of the indictment.

Defendant had used video chats and text messaging to get his victims to engage in sexual activity while defendant, in some of the videos, would also be on screen masturbating. Investigators discovered "hundreds of chat messages" between defendant and minor victims. This evidence was the basis for the charges filed in Counts 2-10 of the indictment.

In order to induce his victims to engage in sexual activity on their webcams, defendant paid for the victims' "VIP" status in online games, or purchased other game incentives they could use. This evidence formed the basis for the charges set forth in Counts 11-14 of the indictment. The government's sentencing memorandum described defendant's method for earning his victims' trust as follows:

> Often times Calmes approached the same victim using different aliases. He would make initial contact using an online chat room or game room connection, and then, once he learned her age, location or something about her, he would contact the same victim from a different alias pretending to know her or pretending to live near her to strike up a conversation. . . . Depending upon the victim, Calmes claimed to be a teacher, a business owner, or a father to a nine-year old daughter.

Gov't Sent. Mem. at 4 & n.1. Defense counsel did not file a sentencing memorandum.

The PSIR states that "the forensic examination of the defendant's computers revealed that the defendant had online chat and/or video history with significantly more than the charged

13 minor female victims. . . . Steven Calmes had contact with a total of 135 minor females via . . . video programs." Defendant did not object to the PSIR, and at the sentencing hearing, defense counsel explicitly adopted all factual assertions in the government's sentencing memorandum and the PSIR, stating, "Both the sentencing memo and the presentence report accurately reflect what Mr. Calmes did, what he was accused of and what he has pled guilty to." Sent. Tr. at 9:17-22.

## II.

### A. Procedural Reasonableness of Sentence

Defendant concedes that, because he did not object to his sentence before the district court, this court's review of the sentence's procedural reasonableness is limited to plain error. Under that standard, defendant must show "(1) error (2) that 'was obvious or clear,' (3) that 'affected defendant's substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)). "'[O]nly in exceptional circumstances' will we find such error—only, we have said, 'where the error is so plain that the trial judge . . . [was] derelict in countenancing it.'" *Id.* (alterations in original) (quoting *Gardiner*, 463 F.3d at 459).

### 1. Two-level Enhancement under USSG § 2G1.3(b)(2)

USSG § 2G1.3(b)(2) (2017) provides for a two-level enhancement of a defendant's offense level "[i]f (A) the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct; or (B) a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct." For the reasons that follow, defendant cannot show that the trial

court clearly erred by applying a two-level enhancement, because the enhancement applied under either alternative subsection.

The commentary to the guidelines provision states:

> The misrepresentation to which the enhancement in subsection (b)(2)(A) may apply includes misrepresentation of a participant's name, age, occupation, gender, or status, as long as the misrepresentation was made with the intent to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct. Accordingly, use of a computer screen name, without such intent, would not be a sufficient basis for application of the enhancement.

USSG § 2G1.3, comment. (n.3). Defendant insists that "[t]he [PSIR] failed to outline how [his] use of fake names or on-screen identifiers were related to anything other than disguising his identity." In other words, defendant claims that there is no evidence that he misrepresented his identity with the specific intent to persuade any of his victims to engage in prohibited sexual conduct.

The government explained that defendant used two tactics to persuade or induce his victims to engage in sexual conduct, each of which would independently qualify defendant for the two-level enhancement. First, defendant would pretend, at times, to be a teacher or a father to a nine-year-old daughter. Gov't Sent. Mem. at 4 n.1. The guideline's application note instructs that a defendant's misrepresentation of "occupation" and "status" will justify the enhancement when used to induce the victim to engage in sexual conduct. Defendant's self-representation as a teacher, or as a father to a girl aged similarly to his victims—both positions of trust in a young person's life—meets the criterion for imposing the two-level enhancement.

Another, independent basis for the § 2G1.3(b)(2)(A) enhancement was defendant's use of multiple online identifiers; he would contact a victim, "and then, once he learned her age,

location or something about her, he would contact the same victim *from a different alias* pretending to know her or pretending to live near her to strike up a conversation." Gov't Sent. Mem. at 4 (emphasis added); *see also* Sent. Tr. at 33:9-16. This tactic, too, satisfies § 2G1.3(b)(2)(A) because defendant's use of multiple identities was calculated to help trick his victims into engaging in sexual activity, not merely conceal his identity.

In the alternative, a two-level enhancement was justified under § 2G1.3(b)(2)(B), which applies when a defendant "otherwise unduly influenced a minor to engage in prohibited sexual conduct." The application note clarifies:

> In a case in which a participant is at least 10 years older than the minor, there shall be a *rebuttable presumption* that subsection (b)(2)(B) applies. In such a case, some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor.

USSG § 2G1.3, comment. (n.3) (emphasis added). Defendant was at least 10 years older than all of the victims identified in the indictment, triggering the rebuttable presumption that the two-level enhancement applies. Although he recognizes this basis for the enhancement, defendant does not attempt to rebut the presumption, instead asserting—incorrectly—that "there is no evidence in the record of how [the enhancement] applies."

### 2. Five-level Enhancements under USSG §§ 3D1.1, 3D1.4, 4B1.5

The district court applied a five-level increase according to the multiple-counts adjustment, USSG §§ 3D1.1, 3D1.4. It also applied a five-level increase because defendant was a repeat and dangerous sex offender against minors, USSG § 4B1.5. Defendant argues that, because both enhancements allegedly were based on the same conduct, only one of the five-point enhancements may apply to him.

This argument is moot, in light of our conclusion that the two-level enhancement under § 2G1.3 was appropriate. A reduction in five points would not change defendant's guideline sentence.[1] Accordingly, the district court could not have procedurally erred by failing to make a calculation that would not have changed the guidelines range. *United States v. Galvan-Guajardo*, 78 F. App'x 477, 479 (6th Cir. 2003) ("[T]he error, if error it was, did not lead to an incorrect determination of a guideline range, and thus as a legal matter did not affect 'the formulation of his sentence.'") (quoting *United States v. Lavoie*, 19 F.3d 1102, 1104 (6th Cir. 1994)); *see also United States v. Bacon*, 617 F.3d 452, 456 (6th Cir. 2010) ("Generally, where the district court commits an error in computing the Guidelines' recommended *sentencing range*, a defendant's sentence will be held to be procedurally unreasonable . . . .") (emphasis added) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).[2]

---

[1] Before its final adjustment, defendant's total offense level was 49. It was adjusted to 43 because that is the maximum. USSG § 5A, comment. (n.2). Even assuming that defendant's argument about the five-level enhancement had merit and five points should have been deducted, rejecting his argument concerning the two-level enhancement would still leave him with 44 points. That offense level would again be adjusted to the maximum 43 points and produce the same guideline sentence of life in prison.

[2] In the alternative, defendant's "double counting" claim fails on the merits. "Where it 'appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct,' double counting is permitted." *United States v. Walters*, 775 F.3d 778, 782 (6th Cir. 2015) (quoting *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010)). One of the five-level enhancements at issue appears in Chapter Three of the guidelines. *See* USSG §§ 3D1.1, 3D1.4. The five-level enhancement in Chapter Four of the guidelines specifically states that, when it applies, "[t]he offense level shall be 5 *plus the offense level determined under Chapters Two and Three*." USSG § 4B1.5(b)(1) (emphasis added). The Sentencing Commission, therefore, has ratified the alleged double counting that occurred here. The Seventh and Ninth Circuits are in accord. *See United States v. Norris*, 526 F. App'x 726, 727 (9th Cir. 2013); *United States v. Craig*, 420 F. App'x 605, 606-07 (7th Cir. 2011).

**B. Substantive Reasonableness of Sentence**

This court reviews the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Rucker*, 874 F.3d 485, 487 (6th Cir. 2017) (citing *United States v. Deen*, 706 F.3d 760, 762 (6th Cir. 2013)). "A sentence is substantively unreasonable if (among other things) the district court bases it on an impermissible factor." *Id.* (citing *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013)).

A district court may consider uncharged or dismissed conduct for sentencing purposes when that conduct is supported by a preponderance of the evidence. *United States v. Haj-Hamed*, 549 F.3d 1020, 1026 (6th Cir. 2008) (citing *United States v. Mendez*, 498 F.3d 423, 426-27 (6th Cir. 2007); *United States v. Wittingen*, 519 F.3d 633, 636-39 (6th Cir. 2008)). Defendant argues that the sentencing judge relied on uncharged conduct that was not proved by a preponderance of the evidence. Specifically, in discussing the 18 U.S.C. § 3553(a) factors, the judge highlighted the government's claim that its investigation revealed that defendant victimized approximately 135 girls—even though the indictment referenced fewer than 20 victims. Defendant asserts that the government had only represented this fact to the court off the record, in chambers.

Defendant is incorrect. The judge did not rely on information received off the record. Rather, the number of defendant's victims was represented in the government's sentencing memorandum, in the PSIR, and at the sentencing hearing. The government's sentencing memorandum asserted that defendant "exploited over 100 minor girls." Similarly, the PSIR stated that "the electronic data and follow up criminal investigation revealed that Steven Calmes had contact with a total of 135 minor females . . . ." Defense counsel conceded the accuracy of both documents, Sent. Tr. at 9:17-22, and "[t]he information in the [PSIR] *is* evidence, . . . in the

sense that it may be considered at sentencing." *United States v. Roark*, 403 F. App'x 1, 4 n.2 (6th Cir. 2010) (citing *United States v. Silverman*, 976 F.2d 1502, 1511 (6th Cir. 1992)).

In addition to counsel's concessions, defendant personally reviewed the PSIR, and he indicated to the judge that he had an opportunity to bring any issues with the PSIR to counsel. Defendant also indicated that he was satisfied with counsel's performance, and that he never asked counsel to do something that counsel refused to do. Finally, defendant never asserted— even now, before this court—that the judge's factual finding was actually false. Because defendant never objected to the government's account of his behavior, the district court did not abuse its discretion by finding that defendant victimized over 100 girls. *See also United States v. Ross*, 502 F.3d 521, 531 (6th Cir. 2007) ("*[I]f the defendant raises a dispute* to the presentence report, the 'court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence.'") (quoting *United States v. Solorio*, 337 F.3d 580, 598 (6th Cir. 2003)) (emphasis added).

**AFFIRMED**.