*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0012p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 06-1931

JAMES EDWARD KLUPS,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 04-00028—R. Allan Edgar, District Judge.

Argued: December 6, 2007

Decided and Filed: January 10, 2008

Before: BATCHELDER and MOORE, Circuit Judges; BUNNING, District Judge.[*]

---

**COUNSEL**

---

**ARGUED:** Paul L. Nelson, FEDERAL PUBLIC DEFENDER'S OFFICE, Grand Rapids, Michigan, for Appellant. Jennifer L. McManus, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Paul L. Nelson, FEDERAL PUBLIC DEFENDER'S OFFICE, Grand Rapids, Michigan, for Appellant. Paul D. Lochner, ASSISTANT UNITED STATES ATTORNEY, Marquette, Michigan, for Appellee.

---

**OPINION**

---

KAREN NELSON MOORE, Circuit Judge. Defendant-Appellant James Edward Klups ("Klups") contests on appeal his sentence to a sixty-month prison term for travel with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). We **AFFIRM** the district court's sentence as reasonable.

---

[*]The Honorable David Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## I.  FACTS AND PROCEDURE

### A.  Background

On or about July 28, 1998, Klups embarked on a two-week trip with the victim, leaving Michigan to travel to New Mexico.  Joint Appendix ("J.A.") at 24 (Plea Ag. at 3).  The victim, his biological granddaughter, was eleven years old at the time.  Klups refused to take the victim's sister on the trip and told the victim before departing, "[s]he couldn't do what you can do," or words to that effect.  *Id.*  The victim interpreted this statement to mean that Klups would not engage in sexual acts with her sister as he did with her.  On the way back to Michigan, Klups and the victim stayed in a hotel in Wisconsin.  While staying at the hotel, Klups placed the victim on top of one of his legs and moved her in a manner that caused her genitalia to rub against his leg.  The victim reported that Klups moaned during the incident.  During the incident, Klups wore only his underwear and the victim wore a bathing suit.  Klups and the victim then continued to travel to Michigan.  The sexual contact that occurred at the hotel is chargeable as a criminal offense in both Wisconsin and Michigan.

### B.  Procedural History

A grand jury initially indicted Klups on December 3, 2004, and a grand jury charged Klups in a superseding indictment on February 9, 2005.  On December 5, 2005 Klups pleaded guilty to count one of the superseding indictment charging him with travel with the intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a).  In return, the United States Attorney's Office agreed to dismiss counts two and three of the indictment at the time of sentencing.  These counts referenced two incidents of abusive sexual contact with the victim that took place in a national forest located in Michigan, in violation of 18 U.S.C. §§ 2244(a)(1), 2246(3), and 2244(c).  The plea agreement reserved the right of both parties to advocate for any sentence within the statutory maximum.

In calculating the Presentence Investigation Report ("PSR"), the United States Probation Officer used the 1997 edition of the U.S. Sentencing Guidelines Manual, due to concerns regarding ex post facto issues.  J.A. at 140 (PSR at ¶ 22).  The PSR calculated the base offense level at ten; added six points for the age of the victim; added two points for Klups's supervisory control over the victim; added two points for obstruction of justice because of Klups's failure to appear for his first judicial proceeding; subtracted two points for acceptance of responsibility; and subtracted one point for a timely plea of guilty.  J.A. at 141 (PSR at ¶¶ 22-34).  The total offense level thus amounted to seventeen.  The PSR noted that the plea agreement did not provide for consideration of the conduct within counts two and three of the superseding indictment for purposes of calculating the appropriate guideline range.  J.A. at 150 (PSR at ¶ 73).  The PSR also noted that the defendant then faced state charges of Criminal Sexual Conduct in the First Degree in the 32nd Circuit Court, Ontonagon, Michigan, which constituted "the vast majority of offenses in an ongoing pattern of sexual abuse lasting approximately five years."  J.A. at 143 (PSR at ¶ 41).

At the sentencing hearing, Klups's attorney objected to the characterization, in paragraph eleven of the PSR, of the offense to which Klups pleaded guilty as "part of a greater pattern of criminal conduct."  J.A. at 70.  The PSR referenced a pattern of sexual abuse in additional sections beyond paragraph eleven, however.  The section titled "Offense Conduct" contained several paragraphs contextualizing the offense within a pattern of sexual abuse that began when the victim was in second grade and continued until sixth grade.  J.A. at 136-38 (PSR at ¶¶ 10-16).  At paragraph seventeen, the PSR also included a section entitled "Victim Impact," which quoted from a written statement by the victim alluding to ongoing abuse and explaining the devastating impact that the abuse had on her emotional and psychological health.  J.A. at 138 (PSR at ¶ 17).  Finally, the PSR described the conduct referenced in counts two and three of the indictment, as well as the

alleged pattern of sexual abuse, under the heading "Offense Behavior Not Part of Relevant Conduct." J.A. at 142 (PSR at ¶¶ 35-36). Although Klups confined his objections at the sentencing hearing to paragraph eleven of the PSR, the PSR itself noted repeatedly that Klups objected to any allegation of sexual conduct with the victim beyond the single incident to which he pleaded guilty. *See, e.g.*, J.A. at 136-37, 142 (PSR at ¶¶ 12-14, 16, 35-36).

At the sentencing hearing on June 21, 2006, the government contended that the district court should depart upward for extreme psychological injury under U.S.S.G. § 5K2.3 or that the court should impose a variance outside the Guidelines range. J.A. at 72-75 (Sent. Hr'g at 6-9). The Assistant United States Attorney called upon Mary Katherine Shegan, a psychotherapist who had counseled the victim for two years, to testify at the sentencing hearing. J.A. at 75-78 (Sent. Hr'g at 9-12). Shegan testified that the victim told her about the defendant's abuse over a period of five years, from the time the victim was eight until she was thirteen. J.A. at 80 (Sent. Hr'g at 14). Shegan described the profound and multiple effects of the abuse on the victim. The victim had temper tantrums; pulled out her hair in large clumps; used alcohol and drugs; experienced difficulty concentrating in school; exhibited a flattened affect; adopted a "robotlike walk" during periods of stress; expressed feelings of inadequacy and self-loathing; experienced a shrinking feeling in her body, especially if she was in a room with a man; showed signs of extreme developmental delay; and felt panic and fear around adult males. J.A. at 82-87 (Sent. Hr'g at 16-21). Following Shegan's testimony, the victim gave a statement describing the devastating consequences Klups's abuse had on her development. J.A. at 110-12 (Sent. Hr'g at 44-46).

The district court calculated a Guidelines range of twenty-four to thirty months based on a total offense level of seventeen. J.A. at 122 (Sent. Hr'g at 56). The 1997 edition of the Guidelines corresponded to an earlier version of § 2423(a), which provided no statutory minimum and a statutory maximum of a fifteen-year term of imprisonment.[1] The court found an upward departure warranted for extreme psychological injury under U.S.S.G. § 5K2.3, citing the specific effects on the victim that Shegan had described. *Id.* Section 5K2.3 provides: "If a victim or victims suffered psychological injury much more serious than that normally resulting from commission of the offense, the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the severity of the psychological injury . . . ." The district court found that in the alternative, application of the factors outlined in 18 U.S.C. § 3553(a) warranted a variance from the Guidelines. J.A. at 123 (Sent. Hr'g at 57). The district judge explained his rationale for the variance:

> Among those factors [under § 3553(a)] are the need to reflect the seriousness of the offense. It's hard to imagine a more serious offense, short of murder or other serious violence, than this. Second, the need to protect the public. This was not a one-time matter.
>
> The defendant needs sex offender treatment, and he needs enough of a sentence that will allow completion of that treatment. The defendant has an illness. It's evident that he does not realize it. And I say that because he—he has declined, as I understand from the presentence report, mental evaluation.

J.A. 123-24 (Sent. Hr'g at 57-58).

---

[1] In April 2003, Congress amended § 2423(a) to provide for a statutory minimum of five years and a statutory maximum term of imprisonment of thirty years. Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT ACT), Pub. L. No. 108-21 § 103, (2003). Prior to that amendment, § 2423(a) had provided for no statutory minimum and for a statutory maximum of fifteen years. Congress again amended the statute in July 2006, changing the statutory minimum for a violation under § 2423(a) to ten years and the statutory maximum to life imprisonment. Adam Walsh Child Protection and Safety Act of 2006 §204, 18 U.S.C. § 2423(a).

On June 26, 2006, the district court issued a judgment sentencing the defendant to sixty months of imprisonment and recommending that he participate in mental-health and sex-offender treatment. J.A. at 15-16 (Judgment at 1-2). The defendant filed a timely notice of appeal.

## II. ANALYSIS

Because we conclude that the district court's alternative sentence for Klups constituted a reasonable variance from the Sentencing Guidelines, we do not need to reach the issue of the upward departure. Under *United States v. Booker*, 543 U.S. 220 (2005), the district court's task is to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2), while the appellate court applies a reasonableness standard in determining whether the district court has satisfied this mandate. *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006). If a judge simply selects what he or she thinks is an appropriate sentence, neglecting to consider either the applicable Guidelines range or the factors listed in § 3553(a), then this court will find the sentence unreasonable. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert. denied*, 546 U.S. 1126 (2006). In *Gall v. United States*, the Supreme Court recently reiterated that "courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." 552 U.S. ---, 128 S. Ct. 586, 589-90 (2007). The Supreme Court's decision in "*Rita* reinforce[d] [this court's] conclusion that reasonableness review requires us to inquire into both 'the length of the sentence' and 'the factors evaluated and the procedures employed by the district court in reaching its sentencing determination.'" *United States v. Liou*, 491 F.3d 334, 338 (6th Cir. 2007). In *Gall*, the Supreme Court directed the Courts of Appeals to "first ensure that the district court committed no significant procedural error." 128 S. Ct. at 597. "Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

To meet the requirement of procedural reasonableness, the sentencing judge must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). "The amount of reasoning required varies according to context." *Liou*, 491 F.3d at 338. Thus, "when a sentencing judge concurs with the Sentencing Commission's conclusion that a within-Guidelines sentence is appropriate for a given defendant, the explanation for the sentence generally need not be lengthy." *Id.* (citing *Rita*, 127 S. Ct. at 2468). "Whe[n] the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." *Rita*, 127 S. Ct. at 2468. And when the judge makes only a "conclusory reference" to the § 3553(a) factors and does not address the defendant's arguments regarding application of those factors, then this court will find the sentence unreasonable. *United States v. Thomas*, 498 F.3d 336, 340-41 (6th Cir. 2007).

In this case, the district judge stated that he thought a variance was warranted under the § 3553(a) factors and then proceeded to discuss the seriousness of the offense, the interest in protecting the public from future sex crimes by Klups, and the requirement of a sentence sufficient to allow for sex-offender treatment. J.A. at 123-24 (Sent. Hr'g at 57-58). In considering these three issues, the judge inquired into the factors set forth in § 3553(a)(2)(A), (C), and (D). We hold that the district court engaged in a meaningful consideration of the § 3553(a) factors, as required under *Booker*, and that Klups's sentence was procedurally reasonable.

Some ambiguity exists as to whether the district judge based his variance from the Guidelines solely on the single offense to which Klups pleaded guilty or also on the broader pattern of sexual abuse alleged by the victim. Klups's attorney objected "that the varying in sentence was not reasonable since it contemplate[d] offenses that are not yet decided." J.A. at 127 (Sent. Hr'g at 61). In response, the district judge stated: "I make that determination based only on the offense that

[Klups] was charged with and that he pled guilty to here." *Id.* The district judge proceeded, however:

> I will comment . . . that relevant conduct can be used by this Court to set guidelines, and also to set sentences outside the guidelines. And so in the alternative, I find that . . . this sentence will be justified by relevant conduct in addition to the offense for which he has pled guilty, which . . . obviously represents only a minute part of his wrongful conduct.

J.A. at 127-28 (Sent. Hr'g at 61-62). This last statement suggests that the district judge might have based his variance on a determination that Klups committed repeated offenses of sexual abuse against the victim.

We recognize the unfortunate ambiguity in the district court's explanation for the basis for its variance. We hold, however, that the judge could have found the existence of ongoing abuse by a preponderance of the evidence and, accordingly, could have validly taken this conduct into account as a justification for the variance. Since *Booker*, we have reaffirmed the doctrine that district judges in determining defendants' sentences may consider facts that they find under a preponderance-of-the-evidence standard. *United States v. Mendez*, 498 F.3d 423, 426-27 (6th Cir. 2007). This conduct may include violations of state as well as federal laws. In the circumstances of this case, sufficient evidence existed to outweigh Klups's denial of a pattern of criminal sexual conduct and to provide a basis for the district judge's conclusion that Klups repeatedly abused the victim over a five-year period. This evidence included: paragraph seventeen of the PSR quoting from the victim impact statement, to which Klups did not specifically object; Shegan's testimony at the sentencing hearing that the victim told her about a five-year pattern of abuse; Shegan's testimony detailing the extensive psychological injuries that resulted from the pattern of abuse; and the victim's colloquy at the sentencing hearing regarding the consequences that repeated abuse had for her development.

We do not find persuasive the three arguments that Klups advances in support of his claim that his sentence was unreasonable. First, Klups argues that in basing the sentence on the seriousness of the offense, a factor already contemplated by the Sentencing Guidelines, the district court inappropriately substituted its own judgment for that of the Sentencing Commission. Defendant-Appellant Br. at 20-21. Klups cites the district judge's statement that "[i]t's hard to imagine a more serious offense, short of murder or other serious violence, than this." J.A. at 124 (Sent. Hr'g at 58). The judge, however, did not reference the gravity of the offense to express disagreement with the Guidelines, but rather to advance his consideration of the § 3553(a) factors.[2] Because those factors include the need "to reflect the seriousness of the offense," § 3553(a)(2)(A), we hold that the district judge did not abuse his discretion in considering the gravity of Klups's offense.[3]

---

[2] The judge referenced the seriousness of the offense shortly after having discussed the pattern of sexual abuse taking the case out of the "heartland" contemplated by the Guidelines and just before noting the threat posed by the repetitive nature of the defendant's criminal acts. This context illustrates that the judge considered the case an unusually grave violation of 18 U.S.C. § 2423(a).

[3] Even if the district judge had simply disagreed with the Guidelines, however, we would find that disagreement reasonable in accordance with the Supreme Court's recent opinion in *Kimbrough v. United States*, 552 U.S. ---, 128 S. Ct. 558 (2007). The Court in *Kimbrough* held that "[a] district judge must include the Guidelines range in the array of factors warranting consideration . . . [but] may determine . . . that . . . a within-Guidelines sentence [does not] serve the objectives of sentencing." *Id.* at 564. "[W]hile the Guidelines are no longer binding, closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range 'fails properly to reflect § 3553(a) considerations' even in a mine-run case." *Id.* at 575. Even under a "closer" review of Klups's sentence, were we to find that the district judge had simply disagreed with the Guidelines, we would affirm based on the circumstances in this case.

Second, Klups argues that the district judge's reliance "on an improper factor" rendered the sentence substantively unreasonable. Defendant-Appellant Br. at 22. This argument is merely a restatement of the first, however, because Klups does not specify any such improper factors beyond the district judge's reference to the seriousness of the offense. Klups's second argument has no independent merit.

Third, Klups argues that because his sentence is "twice the high end of the advisory Guideline range" the district judge had to offer a "compelling justification" for the sentence. *Id.* Prior to the Supreme Court's opinion in *Gall*, we held "that the farther the sentencing court varies from the guidelines range one way or another, the more compelling the justification for that variance must be." *United States v. Funk*, 477 F.3d 421, 426 (6th Cir. 2007). The majority opinion in *Gall*, however, "reject[ed] . . . an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range . . . [as well as] the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." 128 S. Ct. at 595. The Court in *Gall* explained "why the Court of Appeals' rule requiring 'proportional' justifications for departures from the Guidelines range is not consistent with our remedial opinion in *United States v. Booker*, 543 U.S. 220 (2005)." *Id.* at 594. Certainly, in considering the § 3553(a) factors in the course of determining "that an outside-Guidelines sentence is warranted," the district judge "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 597. *Gall*, however, further clarified the distinction between the role of the district courts and that of the courts of appeals. After *Gall*, "we no longer apply a form of proportionality review to outside-Guidelines sentences," and we have determined that "our prior cases applying this [proportionality] rule, *see, e.g.*, *United States v. Davis*, 458 F.3d 491, 496 (6th Cir. 2006), . . . have been effectively overturned by *Gall*." *United States v. Bolds*, --- F.3d ---, No. 07-5602, 2007 WL 4440403, at *10 (6th Cir. 2007) (citing *Gall*, 552 U.S. ---, No. 06-7949, slip op. at 6). We conclude, in the words of the Supreme Court in *Gall*, that "[o]n abuse of discretion review, [we give] due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 128 S. Ct. at 602.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's sentence of Klups to a sixty-month term of imprisonment.