CLAY, Circuit Judge, concurring.
During the sentencing hearing, defense counsel argued that the district court should not sentence Defendant, Trory Herrod (“Herrod”), as a career offender because Herrod’s prior qualifying convictions involved only small amounts of drugs. In pronouncing sentence, the district court discussed Herrod’s extensive criminal history and identified a number of factors that supported sentencing Herrod as a career offender. Although discussing at length the general issue underlying Her-rod’s argument, the court did not explicitly address whether the amount of drugs involved in Herrod’s prior arrests affected its decision. On appeal, Herrod claims that the district court committed procedural error by failing to explicitly discuss this particular aspect of his argument.[2]
The majority rejects Herrod’s claim, concluding that the sentence imposed by the district court was procedurally reasonable. While I agree with the majority’s conclusion that the district court’s sentencing pronouncement was sufficient, I write separately on this particular issue to emphasize that sentencing judges are responsible for providing an adequate record for appeal. Our case law imposes this obligation on district courts for reasons of fairness and practicality. From every perspective, it is preferable for district courts to explicitly address every nonfrivolous argument raised by a defendant. Expressly articulating the grounds for rejecting the particular claims raised by a defendant, at *186 least with respect to a defendant’s nonfriv-olous arguments, promotes several critical goals: (1) it provides the defendant with a clear understanding of the basis for his or her sentence; (2) it allows the public to understand the rationale underlying the chosen sentence; and (3) it helps this Court avoid the difficulties of parsing the sentencing transcript when determining whether the district court in fact considered the defendant’s arguments. In fact, if district courts fully complied with this obligation, many frivolous appeals and clarification remands could be avoided.
I.
During Herrod’s sentencing hearing, defense counsel urged the district court not to sentence Herrod as a career offender because his prior convictions involved only small amounts of drugs. Because Herrod’s drug-quantity argument was nonfrivolous, our case law dictates that the district court was required not only to consider the argument but also to “adequately explain” its reasons for rejecting it. See United States v. Bolds, 511 F.3d 568, 580 (6th Cir.2007) (“[O]ur final task is to ensure that the district court has ‘adequately explained] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.’ ” (quoting Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007))); United States v. Gale, 468 F.3d 929, 940 (6th Cir.2006) (explaining that, where “a defendant’s argument and supporting evidence presents an arguably meritorious claim for a lesser sentence, but there is little to suggest that the district court actually considered it, then remand may be appropriate”). Even though the district court need not “recite” all of the factors set forth in § 3553(a) in announcing a defendant’s sentence, it nonetheless “must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review.” United States v. Kirby, 418 F.3d 621, 626 (6th Cir.2005).
In defining what constitutes an adequate explanation, however, this Court sometimes has reached seemingly inconsistent conclusions that turn heavily on the specific factual circumstances of a given case. For instance, at times we have held that “a sentencing judge is not required to explicitly address every mitigating argument that a defendant makes,” United States v. Madden, 515 F.3d 601, 611 (6th Cir.2008), while proclaiming on other occasions that, “when the judge makes only a ‘conclusory reference’ to the § 3553(a) factors and does not address the defendant’s arguments regarding application of those factors, then this court will find the sentence unreasonable,” United States v. Klups, 514 F.3d 532, 537 (6th Cir.2008) (quoting Thomas, 498 F.3d at 340-41).
The better practice, obviously, is to require sentencing courts to explicitly address every nonfrivolous argument raised by the defendant. Such an approach is more consistent with our overarching concern with encouraging clarity in the sentencing record. See Bostic, 371 F.3d at 873 n. 6 (adopting a new procedural rule to offset the inherent “difficulty of parsing a [sentencing] transcript”); United States v. Herrera-Zuniga, 571 F.3d 568, 580 (6th Cir.2009) (explaining that we adopted the Bostic procedure “to help create a more reliable record for appeals, which we believed would help ‘guid[e] appellate review’ ” (quoting Bostic, 371 F.3d at 873)); United States v. Johnson, 553 F.3d 990, 996 n. 1 (6th Cir.2009) (vacating defendant’s sentence on the ground that, “on the record before us, we have no way of ascertaining whether the district judge would have imposed the same sentence if he had known of his discretion to vary categorical *187 ly from the crack-cocaine Guidelines based on a policy disagreement”); United States v. Grams, 566 F.3d 683, 686 n. 1 (6th Cir.2009) (per curiam) (stating that “the district court should still have stated in open court whether it adopted in part or full the sentencing range and factual findings suggested by the probation office” because “greater clarity in open court would have aided our appellate review”); United States v. Blackie, 548 F.3d 395, 401-03 (6th Cir.2008) (explaining that our procedural requirements regarding the district court’s sentencing pronouncement are “more than mere administrative burdens or meaningless formalities, but rather assure that ... adequate explanation is provided to allow for meaningful appellate review and the perception of a fair sentence”); United States v. Jackson, 408 F.3d 301, 305 (6th Cir.2005) (explaining that the sentencing court’s failure to provide an adequate explanation of its reasons for imposing a chosen sentence “renders our reasonableness review impossible”).
This Court’s concern for encouraging clarity in the record is predicated on and serves to promote several important interests. Most importantly, requiring district courts to provide a clear explanation of the basis for its chosen sentence is the only way to ensure that the district court did not commit procedural error by, for example, failing to conduct the requisite individualized assessment of the factors set forth in 18 U.S.C. § 3553(a). See Jackson, 408 F.3d at 305. Specifically addressing all nonfrivolous arguments also helps this Court determine whether the sentencing court in fact considered all of the arguments raised by the parties. See United States v. Lalonde, 509 F.3d 750, 769-70 (6th Cir.2007). An explicit discussion of all nonfrivolous arguments also would help eliminate many frivolous appeals and would avoid many clarification remands, both of which have become a tremendous waste of judicial resources. And finally, providing a clear statement of reasons also “enable[s] the public to learn why [a] defendant received a particular sentence.” United States v. Molina, 356 F.3d 269, 277 (2d Cir.2004).
Although the district court is not required to explicitly recount every aspect of its thought process, the Supreme Court has made clear that the sentencing court must, at the very least, “set forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decision making authority.” Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Building on the Supreme Court’s decision in Rita, our decisions in this area demand that, in evaluating whether a sentence is procedurally reasonable, we “review the sentencing transcript to ensure ... that the sentencing judge adequately considered the relevant § 3553(a) factors and clearly stated [on the record] his reasons for imposing the chosen sentence.” United States v. Liou, 491 F.3d 334, 339 (6th Cir.2007) (emphasis added); United States v. Bolds, 511 F.3d 568, 580 (6th Cir.2007) (explaining that the district court must “provide a clear explanation [on the record] of why it has either accepted or rejected the parties’ arguments and thereby chose the particular sentence imposed, regardless of whether it is within or outside of the Guidelines” (emphasis added)).
In other words, it is not enough that the district court consider the parties’ nonfriv-olous arguments, it also must explain on the record its reasons for accepting or rejecting such arguments. Requiring district courts to articulate their reasoning on the record is critical, otherwise the transcript would be devoid of any evidence that the district court in fact considered the *188 parties’ arguments, let alone ruled on those issues. Absent such a public statement, this Court would be forced to make inferences and guess at what arguments and sentencing factors the district court actually considered when determining a defendant’s sentence, something we repeatedly have expressed disdain for doing. See United States v. Bolds, 511 F.3d 568, 580 (6th Cir.2007) (en banc) (acknowledging the deference we owe to the district court in this context, but holding that the sentencing judge nonetheless “must explain his reasons for selecting the sentence imposed” and that “the record must contain the district court’s rationale for concluding that the sentence imposed is ‘sufficient but not greater than necessary, to comply with the purposes’ of sentencing set forth in 18 U.S.C. § 3553(a)”); United States v. Jones, 489 F.3d 243, 251 (6th Cir.2007) (“[W]hen ‘a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant’s argument and that the judge explained the basis for rejecting it.’ ” (quoting United States v. Richardson, 437 F.3d 550, 554 (6th Cir.2006))). This obligation also follows from the fact that the Federal Rules of Criminal Procedure require the district court to rule on all disputed matters in pronouncing sentence, see Fed. R.Crim.P. 32(i)(3)(B), as well as the statutory requirement that the court, “at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence,” 18 U.S.C. § 3553(c).
Admittedly, this Court at times has permitted a sentence to stand where “[n]o one would call [the district court’s] explanation ideal.” United States v. Vonner, 516 F.3d 382, 386 (6th Cir.2008). Such leniency, however, is rare and generally is limited to those cases where our review is limited by the plain-error standard. See, e.g., id. In any event, we must not allow such leniency to become the norm because “[c]riminal sentencing is a serious business, and we should encourage district court judges to adopt sentencing practices that resolve potential sentencing disputes at the hearing, not on appeal.” Id. at 391. Thankfully, we have not. In fact, other than a few, limited instances, this Court has insisted that the district court provide a clear explanation of the grounds supporting its chosen sentence. Under this controlling rule, a vague sentencing explanation must be deemed procedurally unreasonable because it raises serious questions about whether the court misunderstood its authority, failed to conduct the requisite review of the § 3553(a) factors, or failed to consider a defendant’s argument.
For all of these reasons, it is clear that the better practice — and the one required by our case law — is for the district court to explicitly address all of the nonfrivolous arguments that a defendant raises in support of a lower sentence. Absent an express statement of the court’s reasoning, we are confronted with the unenviable task of “parsing a [sentencing] transcript” to infer whether the court in fact fulfilled its obligations in this regard. Bostic, 371 F.3d at 873 n. 6. Although the sentencing court certainly is not required to address the minutiae of every argument raised by a defendant, neither is it adequate for the court to state vaguely that it has considered the defendant’s “criminal history”— something more is required. See United States v. Gale, 468 F.3d 929, 940 (6th Cir.2006) (where “a defendant’s argument and supporting evidence presents an arguably meritorious claim for a lesser sentence, but there is little to suggest that the district court actually considered it, then remand may be appropriate”). Fundamentally, procedural reasonableness requires an “articulation of the reasons the district court reached the sentence ulti *189 mately imposed.” Jackson, 408 F.3d at 305. Accordingly, the record must reflect, at a minimum, not only that the court considered the issue, but also why the court rejected the argument. As we explained in United States v. Richardson:
We emphasize the obligation of the district court in each case to communicate clearly its rationale for imposing the specific sentence. Where a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant’s argument and that the judge explained the basis for rejecting it. This assures not only that the defendant can understand the basis for the particular sentence but also that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable.
437 F.3d at 554 (emphasis added). Thus, while there is no requirement that the district court “engage in a ‘ritualistic incantation to establish consideration of a legal issue’ ” or that the court “make specific findings relating to each of the factors considered,” the sentencing court certainly “must articulate at least enough of its reasoning to permit an informed appellate review.” United States v. McClellan, 164 F.3d 308, 310 (6th Cir.1999) (quoting United States v. Washington, 147 F.3d 490, 491 (6th Cir.1998)).
Although the district court has some discretion in determining how much of an explanation is required, our case law makes clear that simply ignoring a defendant’s central and unequivocally nonfrivo-lous argument is proeedurally unreasonable. A district court is not permitted to reject a defendant’s arguments sub silen-tio. See United States v. Penson, 526 F.3d 331, 338 (6th Cir.2008) (“[T]he district court provided virtually no explanation giving insight into the reasons for the specific sentence given.”); Bolds, 511 F.3d at 580 (“The district court must provide a clear explanation of why it has either accepted or rejected the parties’ arguments and thereby chosen the particular sentence imposed, regardless of whether it is within or outside of the Guidelines.”); Thomas, 498 F.3d at 340 (vacating sentence as procedurally unreasonable because “[t]he record ma[de] clear that the district court considered the applicable Guidelines range, but not much else”); United States v. Houston, 529 F.3d 743, 759-60 (6th Cir.2008) (Clay, J., dissenting) (“In short, well-established precedent requires reversal where the sentencing court fails to explain to the defendant, and this Court, how it arrived at its sentencing determination, including how it considered defense arguments and the § 3553(a) factors.”).
II.
Because the district court went to great lengths to explain its reasons for sentencing Herrod as a career offender, I agree with the majoritys conclusion that the district court provided an adequate explanation for rejecting Herrod’s drug-quantity argument and imposing the chosen sentence. On this record, we can be satisfied that the court considered the substance of Herrod’s argument that he should not be sentenced as a career offender and disagreed that the small amount of drugs involved in Herrod’s two prior offenses was the most salient factor in determining whether the career-offender enhancement should be applied.
In pronouncing Herrod’s sentence, the district court made clear that it was aware that the sentencing range prescribed under the Guidelines was advisory. The district court then recited and considered the factors set forth in 18 U.S.C. § 3553(a). After reciting these factors, the district court explicitly noted that it agreed with *190 the sentencing range calculated by the probation officer, explaining that:
[Defense counsel] addressed himself to the convictions of this defendant and the scores that results in, especially the Roman Numeral VI Criminal History. He arrives at that probably the same way I did. He has been arrested 50 times, or more than 50 times, resulting in three felony convictions and 40 misdemeanor convictions. The amazing thing about what I’ve just said is the defendant is 30 years old, and the longest term he has spent in jail is six months.
(ROA vol. 2 at 12.) Further, the district judge stated, “it’s a strange case in that [Herrod] has so many arrests over such a s[h]ort period of time, 30 years or less, and more so than anybody else I’ve seen in this courtroom.” (ROA vol. 2 at 13.) The district court then expressly identified many of the issues raised by Herrod as well as other factors contained in the pre-sentence report, including Herrod’s personal circumstances, his personal and family history, and even the circumstances that drove Herrod to return to selling drugs.
Although the court did not address the particular aspect of Herrod’s argument relating to the quantity of drugs involved in his prior arrests, the record does evince that the court addressed at length the concerns underlying Herrod’s argument, specifically discussed Herrod’s criminal history, and ultimately concluded that sentencing Herrod as a career offender was appropriate because Herrod’s “[lengthy criminal] record speaks more accurately of the defendant’s chance for recidivism.” (ROA vol. 2 at 14.) In rejecting Herrod’s argument, the court emphasized Herrod’s “amazingly long criminal record,” and thus “determined that the circumstances of this case are not so exceptional as to form the factual basis for any such departure.” (ROA vol. 2 at 11-14.)
On this record, I agree with the majority’s conclusion that the district court’s explanation of the sentence imposed is adequate.

. As the majority notes, although Herrod failed to raise this claim before the district court in a post-sentencing objection, his procedural claim on appeal is not forfeit and thus not subject to plain-error review because the district court failed to comply with the procedural rule we established in United States v. Bostic, 371 F.3d 865, 872 (6th Cir.2004). See United States v. Thomas, 498 F.3d 336, 340 (6th Cir.2007).