**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0352n.06

**No. 09-5404**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Jun 08, 2010** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ROCKY MORRIS WHITE, | ) | WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

**Before: KEITH, COLE, and GIBBONS, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant Rocky Morris White appeals a sentence of 240 months incarceration and three years supervised release imposed by the United States District Court for the Western District of Tennessee. The sentence resulted from resentencing following an order vacating his original sentence under 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel at his first sentencing hearing. Because the district court did not impose an unreasonable sentence within the meaning of *United States v. Booker*, 543 U.S. 220 (2005), we affirm White's sentence.

I.

Rocky Morris White had accumulated a considerable criminal history before he came before the district court in the instant case. The Presentence Investigation Report ("PSR") lists, and White does not deny, convictions of fifteen prior felony offenses and numerous misdemeanors in Tennessee

state courts. Between 1983 and 1993, White was convicted of, *inter alia*, receiving stolen property, petit larceny, assault and battery, public drunkenness, resisting arrest, concealing stolen property (two counts), reckless endangerment (five counts), aggravated assault, theft (three counts), possession of more than one-half gram of crack cocaine for sale, vehicle burglary, and aggravated burglary (three counts). On November 18, 2002, White was indicted with his first federal offense, one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g), after a search of his vehicle following an arrest for driving with a revoked license uncovered a .22 revolver.

A jury convicted White on that count on June 27, 2003, and we affirmed his conviction. *See United States v. White*, 131 F. App'x 54 (6th Cir. 2005), *cert. denied*, 546 U.S. 850 (2005). The district court sentenced him to 260 months in prison and three years supervised release on October 8, 2003, but later vacated that sentence after granting White's *pro se* motion pursuant to 28 U.S.C. § 2255 on the grounds that he had received ineffective assistance of appellate counsel because his attorney failed to raise a *Booker* issue on appeal.

The revised PSR prepared for resentencing determined that White's base offense level was 24 pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G.") because he had at least two prior felony convictions for crimes of violence or involving controlled substances. Additionally, because White was previously convicted of four violent felony offenses and one serious felony drug offense, the PSR concluded that White qualified as an armed career criminal under U.S.S.G. § 4B1.4(a), which raised his offense level to 33. The PSR calculated that White had a total of nineteen criminal history points, including additional points for committing the instant

2

offense while on parole and for convictions of violent crimes not already counted, resulting in a criminal history category of VI. The resulting Guidelines range was 235 to 293 months, which was greater than the 180-month mandatory minimum required by 18 U.S.C. § 924(e). In his response to the PSR, White conceded that this presented an accurate calculation of his criminal history and that he "ha[d] no objections to the portrayal of his personal characteristics as presented in the [PSR]."

At the resentencing hearing on March 24, 2009, White sought the mandatory minimum sentence, and the government asked the district court to sentence White to the same sentence imposed at the first sentencing hearing. After hearing argument from defense counsel and the government regarding White's age of fifty-two and his considerable rehabilitative efforts since his incarceration, the district court rejected White's objection to his designation as an armed career criminal pursuant to § 4B1.4 and sentenced him to 240 months in prison followed by a three-year period of supervised release. This appeal followed.

II.

"[T]he district court's task is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of 18 U.S.C. § 3553(a)(2)." *United States v. Klups*, 514 F.3d 532, 536 (6th Cir. 2008) (quoting *Booker*, 543 U.S. at 268). Reasonableness review of sentencing "has two components: procedural and substantive." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Because White challenges only the

substantive reasonableness of his sentence, we limit our review to that component.[1] Accordingly, we "consider the substantive reasonableness of the sentence . . . under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51.

The Supreme Court has held that when reviewing the substantive reasonableness of a sentence, an appellate court must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* When, as in this case, the sentence falls within the applicable Sentencing Guidelines range, we "may apply a rebuttable presumption of substantive reasonableness" and give "due deference" to the district court's determination that § 3553(a) justifies the imposed sentence. *Bolds*, 511 F.3d at 581 (citing *Gall*, 552 U.S. at 51, *Rita v. United States*, 551 U.S. 338, 347 (2007), and *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006)).

Because White's 240-month sentence falls well within the Sentencing Guidelines range of 235 to 293 months, we presume that it is reasonable. However, White may rebut this presumption by demonstrating that "the district court select[ed the] sentence arbitrarily, base[d] the sentence on impermissible factors, fail[ed] to consider relevant sentencing factors, or g[ave] an unreasonable amount of weight to any pertinent factor." *United States v. Camiscione*, 591 F.3d 823, 832 (6th Cir. 2010) (quoting *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009)) (internal quotation marks and citation omitted). This he has not done.

---

[1]White did not challenge his designation as an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 in his brief to this court. He therefore has waived any challenge to the district court's designation of armed career criminal status. *See United States v. Catalan*, 499 F.3d 604, 605 (6th Cir. 2007).

White bases his claim of substantive unreasonableness on two factors. First, he argues that the district court abused its discretion by not giving adequate weight to his age, which, he argues, means that he is unlikely to commit further crimes upon his release, his "history and characteristics," and "the circumstances of the offense." This argument is unavailing. Defense counsel presented this argument to the district court at sentencing, and the district court "t[ook] into account [White's] criminal history, [his] history and [his] characteristics" before announcing the sentence. The district court also addressed the "nature and circumstances of the crime," and took into consideration that this was not a case of aggravated possession because there was no evidence of use of the firearm. Finally, the record reflects that the district court was well aware that White would be "about seventy" years old upon release. White points to no other evidence in the record that indicates that the court did not adequately consider the personal characteristic of his age.

Second, White claims that the district court placed too great a weight on his criminal history and erred in finding that he had "been basically a one-man crime-wave for the last seventeen years or so" because his last conviction before the instant one was sixteen years ago in 1993. However, the PSR indicates that White had at least twenty-nine prior convictions of felonies and misdemeanors and had his parole revoked no fewer than seven times during the nineteen-year period between his first offense in 1983 and 2002, the year of the arrest that led to this § 922(g) conviction. White has been in state and federal prison since his arrest in 2002, where he has, indeed, committed no further crimes. However, his prior convictions support the district court's statement. Moreover, the record indicates that the district court did not put undue weight on White's criminal history because the court determined that White's "career offender status has already taken into account a substantial

5

portion of that criminal history.  So that's been counted, so to speak."  We therefore find that the district court's characterization of White's criminal history was not inappropriate and that the district court did not abuse its discretion by relying, in part, on his criminal history in determining his sentence.

Thus, we conclude that White failed to rebut the presumption of reasonableness and that the district court did not abuse its discretion by imposing the within-Guidelines sentence.

III.

For the foregoing reasons, we affirm White's sentence.

6