**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0669n.06

**No. 08-4598**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Nov 01, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| CHRISTOPHER MICHAEL McCORMICK, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS and CLAY, Circuit Judges; and WISEMAN, District Judge.[*]

WISEMAN, District Judge. Defendant-Appellant Christopher Michael McCormick appeals the sentence of imprisonment imposed upon his plea of guilty to the charge of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). He contends that his 225-month prison sentence is substantively unreasonable in light of the lifetime period of supervised release to follow it. Appellant submits that "a lesser sentence, through a variance, would meet all the goals of [§] 3553(a), given the protections—and consequences—that lifetime supervised release provides." (Appellant's Br. 7–8.) He also argues that the district court violated his rights under the Sixth Amendment because it enhanced his sentence above the base offense level based on judge-found facts. Finding no merit to either of the Defendant's arguments, we affirm.

---

[*]The Honorable Thomas A. Wiseman, Jr., Senior United States District Judge for the Middle District of Tennessee, sitting by designation.

No. 08-4598
*United States v. McCormick*

I.

A criminal complaint was issued on May 29, 2008, charging McCormick with knowingly possessing images of child pornography that had been transported in interstate commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A). McCormick waived indictment and the case proceeded by way of an Information. He pleaded guilty to the single charge in the Information on August 4, 2008.

After McCormick entered his guilty plea, a Presentence Investigation Report ("PSR") was prepared, to which neither party filed objections. As set out in the PSR, the base offense level for receipt of child pornography is 22. U.S. Sentencing Guidelines ("USSG") § 2G2.2(a)(2). Specific offense characteristics provided for enhancements that resulted in an adjusted offense level of 40.[1] (PSR ¶¶ 34–37.) Three levels were deducted for acceptance of responsibility, yielding a total offense level of 37. (PSR ¶ 42–43, 46.) Because McCormick had no criminal history points, he fell within criminal history category I. (PSR ¶ 49.) By statute, the minimum term for a violation of 18 U.S.C. § 2252A is five years; the maximum, twenty years. 18 U.S.C. § 2252A(a)(2)(A) & (b)(1). (PSR ¶ 87.) Although the recommended Sentencing Guidelines range for a total offense level of 37 and

---

[1] These enhancements included a two-level enhancement for criminal activity involving prepubescent minors, USSG § 2G2.2(b)(2), PSR ¶ 34; a five-level enhancement for possessing, distributing and trading with the expectation of receipt of a thing of value, USSG § 2G2.2(b)(3)(B), PSR ¶ 35; a four-level enhancement for material involving sadistic and/or masochistic conduct, USSG § 2G2.2(b)(4), PSR ¶ 36; a two-level enhancement for use of a computer in the offense, USSG § 2G2.2(b)(6), PSR ¶ 36; and a five-level enhancement because the number of images, including the computation of videos to images, totaled more than 600, USSG § 2G2.2(b)(7)(D), PSR ¶ 37.

criminal history category I is 210 to 262 months, the effective Guidelines range in McCormick's case was 210 to 240 months as a result of the statutory maximum.

Pursuant to statute, the authorized term of supervised release for any offense under § 2252A "is any term of years not less than 5, or life." 18 U.S.C. § 3583(k). The policy statement embodied in USSG § 5D1.2(b) recommends that if the offense of conviction is a sex offense, "the statutory maximum term of supervised release" be imposed. The probation officer who prepared the PSR in this case did not identify any sentencing factors under 18 U.S.C. § 3553(a) that warranted a variance. (PSR ¶ 106.)

McCormick appeared before district judge Jack Zouhary for sentencing on November 3, 2008. The judge asked whether either side had any objections to the PSR as prepared, and counsel for both parties confirmed that they had reviewed the PSR and had no formal objections to it. (Sentencing Tr. 2:11–20.) After giving counsel for both parties and the defendant himself an opportunity to be heard, Judge Zouhary imposed a sentence of 225 months of imprisonment (within the Guidelines range of 210 to 240 months), to be followed by a lifetime period of supervised release (also in accordance with the Guidelines), and directed that McCormick participate in treatment programs for substance abuse and for sex offenders at the direction of the Bureau of Prisons. (Sentencing Tr. 15:3–12, 16:7–15; R. 17.) In fashioning the sentence, the judge noted on the record that he had considered the § 3553(a) factors in ensuring a sentence that was "sufficient but not greater than necessary to comply with the purposes of the statute." (Sentencing Tr. 8:13–21.) Based

on his review of the relevant sentencing factors and the statutory mandates, the judge determined that a variance from the Guidelines range was not appropriate.

Specifically with respect to the period of supervised release, the government requested imposition of a lifetime term of supervised release, based on a presumption that "the best way to ensure that [the defendant did not reoffend was] for him to be continuously supervised." (Sentencing Tr. 7:21–8:3.) Judge Zouhary apparently agreed, as he stated, when announcing that the sentence would include a life term of supervised release: "[T]hat's to make sure, Mr. McCormick, that you always know you have a life line there. If there's nobody else in your life when you get out of your prison to help you, probation will be there to help you, so I hope you'll utilize them as a lifeline." (Sentencing Tr. 15:12–16.)

The Judgment was filed November 4, 2008 (R. 17), and Defendant filed a timely notice of appeal (R. 18).

## II.

Although McCormick did not raise any specific objection to the sentence at the time it was imposed, he now argues that (1) the 225-month prison term imposed by the district court was substantively unreasonable and that a variance from the Guidelines was warranted; and (2) the eighteen-level enhancement (from a base offense level of 22 to an adjusted offense level of 40) violated his Sixth Amendment right to a trial by jury. We consider each of these arguments in turn.

No. 08-4598
*United States v. McCormick*

A.

This court reviews sentences for reasonableness, which has both a procedural and a substantive component. *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007); *Gall v. United States*, 522 U.S. 38, 49–50 (2007). McCormick does not claim any procedural error, however, so we review the sentence for substantive reasonableness only, under the highly deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 51 (2007). Under that standard, a sentence may be considered substantively unreasonable if the district court "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008) (citations omitted).

McCormick does not argue that the sentence is arbitrary or based on impermissible factors, nor does he contend that Judge Zouhary failed to consider relevant sentencing factors or gave an unreasonable amount of weight to any particular factor. Instead, he argues that the 225-month prison term is substantively unreasonable in light of the protections afforded by the lifetime term of supervised release that Judge Zouhary also imposed.[2] He concedes that he does not have any

---

[2] McCormick was twenty-four years old at the time of sentencing. In his brief, he states that, according to the Bureau of Prisons' website, he is due to be released on September 26, 2024 at the age of 41 and that, presuming a life expectancy of 70 years or more, he will likely be on supervised release for at least thirty years.

authority to support his contention that this factor renders the prison term substantively unreasonable.[3]

McCormick simply has not presented any facts or argument suggesting the district court abused its discretion in imposing a within-Guidelines sentence. To the contrary, it is clear that the district court expressly and individually addressed the sentencing factors set out in 18 U.S.C. § 3553(a), and particularly noted that McCormick had admitted that his attraction to young girls, specifically girls seven to eight years old, was like an addiction. Among numerous other factors, the court discussed the fact that McCormick had admitted to sexually abusing his half-sister intermittently over the course of thirteen years, and also admitted to sexually abusing at least six additional minor victims. Based on these and other facts, the court concluded that a variance was not appropriate in this case and that a within-Guidelines sentence of 225 months was sufficient but not greater than necessary to fulfill the purposes of sentencing set out in § 3553(a).

"The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Moreover, sentences that fall within a properly calculated Guidelines range enjoy a presumption of reasonableness on appeal. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir.) (en banc), *cert. denied*, 129 S. Ct. 68 (2008); *see also Rita v. United States*, 551 U.S. 338, 347 (2007) ("[A] court

---

[3] McCormick did not object to the substantive reasonableness of his sentence at the time of sentencing. However, unlike a challenge to procedural reasonableness, a party generally does not have to raise an objection to substantive reasonableness before the trial court in order to preserve the argument for appeal. *United States v. Houston*, 529 F.3d 743, 755 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 2764 (2009).

of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."). In the present case, particularly in light of McCormick's admitted and continuing sexual obsession with very young children, it was not an abuse of discretion for the district court to find that a 225-month prison term, to be followed by a lifetime term of supervised release, was warranted. This court cannot conclude that the sentence was substantively unreasonable.

### B.

McCormick's second claim of error is likewise meritless. The defendant does not argue that the district court increased his sentence beyond the statutory maximum based upon judge-found facts. He argues instead that the court violated his Sixth Amendment right to a trial by jury when it found facts by a preponderance of the evidence that increased his sentence beyond the conduct to which he admitted, and resulted in a Guidelines range significantly higher than it otherwise would have been but for the judge-found facts. He contends his argument has not been foreclosed by the Supreme Court, as confirmed by Judge Scalia's concurrence in *Rita v. United States*, 551 U.S. 338, 375 (2007), observing that the majority opinion in that case did "not rule out as-applied Sixth Amendment challenges to sentences that would not have been upheld as reasonable on the facts encompassed by the jury verdict or guilty plea."

This court reviews a constitutional challenge to a defendant's sentence *de novo* wherever the defendant preserves the claim for appellate review. Where a defendant fails to make an objection, this court must review the claim for plain error. *United States v. Copeland*, 321 F.3d 582, 601 (6th

Cir. 2003) (citing *United States v. Strayhorn*, 250 F.3d 462, 467 (6th Cir. 2001)). McCormick did not raise an objection at his sentencing hearing to the computation of his total offense level based upon judge-found facts, so the clear-error standard applies.

As an initial matter, even if McCormick's argument had any legal merit, he would not be entitled to relief because, by declining to object to the facts set forth in the PSR upon which the various enhancements were based, he is deemed to have admitted those facts. *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009) (noting that a defendant "is bound by the factual allegations in the PSR to which he did not object") (citing *United States v. Adkins*, 429 F.3d 631, 632–33 (6th Cir. 2005)). Because he is bound by those facts, his Sixth Amendment right to a trial by jury was not violated.

Moreover, irrespective of McCormick's admission of the facts in the PSR, this circuit has repeatedly held that a sentencing court does not violate a defendant's Sixth Amendment rights when it considers uncharged or dismissed conduct for sentencing purposes by making findings based upon a preponderance of the evidence before it, so long as the court understands that the Guidelines are advisory only, and it does not rely upon judge-found facts to impose a sentence above the statutory maximum. *United States v. Sexton*, 512 F.3d 326, 329–30 (6th Cir. 2008); *United States v. Haj-Hamed*, 549 F.3d 1020, 1026 (6th Cir. 2008). The crime to which McCormick pleaded guilty carried a maximum sentence of 240 months, 18 U.S.C. § 2252A(a)(2), plus a supervised release period of five years to life, 18 U.S.C. § 18 U.S.C. § 3583(k). The judge-found facts did not increase McCormick's sentence above the statutory maximum, and the district court clearly understood the

advisory nature of the Guidelines. Thus, even if McCormick had not expressly admitted to the conduct that led to the sentencing enhancements, his Sixth Amendment rights would not have been violated by the trial court's reliance upon those facts at sentencing.

III.

For the reasons articulated herein, we AFFIRM the district court's judgment.