**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0264n.06

**No. 09-5754**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED**<br><br>*Apr 25, 2011*<br><br>LEONARD GREEN, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| EVELYN CRAFT WOREX, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GUY, BOGGS, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant Evelyn Craft Worex appeals the sentence imposed by the district court following her guilty plea to an indictment charging one count of unlawful possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Worex contends that her 48-month sentence, which exceeded the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 18–24 months, was substantively unreasonable because the 24-month upward variance was based upon her alleged involvement in uncharged criminal activity that had not been established by a preponderance of the evidence. She also argues that her sentence was substantively unreasonable because her co-defendant, Terry Moore, was sentenced to time served, amounting to approximately 8 months'

-1-

imprisonment. For the reasons that follow, we vacate Worex's sentence and remand to the district court for resentencing.

I.

The investigation underlying this case began when officers linked Worex to two shootings in Greene County, Tennessee. During the first shooting in November 2007, the home of Jeff and Nancy Piatt was sprayed with a barrage of roughly sixteen bullets from a high-powered assault rifle, although no injuries ensued. The second shooting occurred in September 2008 under similar circumstances. At approximately 3:45 a.m. on September 14, nineteen bullets from a high-powered assault rifle struck the home of Sharla Burrell, injuring a three-year-old child inside. Before the shooting, Burrell had received several death threats via telephone, which were later linked to Worex's husband, Sean Lyons.[1] On May 1, 2009, Lyons was indicted and charged in Greene County with two counts of attempted first-degree murder in the Piatt shooting and four counts of attempted first-degree murder in the Burrell shooting. Although Worex was not charged at this time, officers attributed the motives for both shootings to her: Nancy Piatt had been involved in Worex's termination from Wal-Mart, and Burrell had been instrumental in the firing of Worex's friend, Deanna Barnham.

---

[1]As explained in the presentence report ("PSR"), Sean Lyons is one of Worex's three husbands. She married Terry Moore, the co-defendant in this case, in 1975; the couple briefly divorced but remarried in 1981. In 1995, Worex married Sean Lyons, whom she has never divorced. Later, she married Joshua Worex in 2004, and this marriage is likewise intact. In addition, Worex has married and divorced five other men: Mike Spangler (married in 1980, divorced in 1981); Stevie Brock (married in 1983, divorced in 1984); Wendell Huskins (married and divorced in 1984); Ricky Hall (married in 1984, divorced in 1985); and James Cape (married in 1990, divorced in 1995).

On September 25, 2008, officers executed a state search warrant at the home of Worex and co-defendant Moore, in which they recovered ammunition; various firearms, including three semi-automatic pistols, three rifles, and two shotguns; and a note in Worex's handwriting that contained the Piatt family's address. When subsequently interviewed, Moore stated that several of the firearms were registered to Lyons, and Worex requested that one of the firearms be returned, as it was a gift from her late husband.[2] The recovered firearms, however, had not been used in the Piatt or Burrell shootings.[3]

On November 13, 2008, Worex and Moore were indicted and charged in the United States District Court for the Eastern District of Tennessee with one count each of possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On November 29, while Worex remained in federal custody, officers intercepted a communication between her and her husband, Joshua Worex, in which she instructed him to destroy a computer located in the attic of their home; officers later located the computer in a garbage dumpster. It was burned, and no information could be recovered. Worex pled guilty to the indictment pursuant to a plea agreement on February 17, 2009, and the probation office then prepared a PSR, recommending an 18–24-month imprisonment range based upon Worex's total offense level of 15 and criminal history category I. The PSR further stated that, as related to the shootings, "evidence [would] be presented to the Grand

---

[2]The record does not indicate which former husband allegedly gave Worex the stated firearm.

[3]Officers also searched a camper that Worex's daughter had reportedly sold to Worex, from which they recovered five high-powered rifles, roughly 1,000 rounds of ammunition, the makings of a homemade silencer, and ammunition reloading equipment. Despite this seizure, officers did not find sufficient evidence to charge Worex with the possession of the firearms seized from the camper.

Jury in Greene County, Tennessee, on July 27, 2009, charging [Worex] with six counts of Criminal

Attempt to Commit First Degree Murder, Extortion, and Tampering With Evidence." Neither Worex

nor the government filed objections to the PSR.

On June 15, 2009, Worex was sentenced by United States District Court Judge J. Ronnie

Greer, who adopted the findings of the PSR, including the Guidelines imprisonment range. The

parties likewise accepted the 18–24 month recommendation; the government asked that Worex be

sentenced on the upper end of that range, while defense counsel requested a sentence on the lower

end. After considering the sentencing factors pursuant to 18 U.S.C. § 3553(a), the district court

sentenced Worex to 48 months' imprisonment followed by three years of supervised release. In

doing so, the court explained that "[w]hat is difficult about this case, and what's disturbing about

it, is the information contained in paragraphs 10, 11, and 12 of the presentence report," which

recounted Worex's alleged involvement with the Piatt and Burrell shootings. The district court

further noted that the factual circumstances indicated a connection between Worex and "those who

were actively involved" in the shootings, suggesting "that the offense involved in this case was more

serious than would be a possession of a firearm by a convicted felon in a vacuum; in other words,

without those circumstances." Judge Greer thus concluded:

> Based upon my review of the 3553(a) factors . . . I find that there are
> factors which are not adequately taken into consideration by the
> advisory guideline range. The nature and circumstances of . . . this
> offense . . . suggest[] to the court that there is a very real need to
> protect the public in this case; that there is a very real need to impose
> a sentence that promotes respect for the law, and that provides just
> punishment for the offense; and that the offense charged . . . is more
> serious than that of a typical defendant . . . with your criminal record
> convicted of these offenses in that the nature and circumstances of the

> offense suggest[] at least some involvement on your part in offenses
> that raised a very real potential for death or serious injury to others,
> and in one case did in fact result in the serious injury of a small child.

Judgment was entered on June 25, 2009, and Worex timely appealed.

II.

Worex challenges the substantive reasonableness of her 48-month sentence, which exceeded the 18–24 month range recommended under the Guidelines.[4] We review the question of whether a sentence is reasonable for an abuse of discretion. *See United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). To be substantively reasonable, the sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotations omitted). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008) (citing *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)). When evaluating substantive reasonableness, we consider whether the district court abused its discretion in selecting a sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. We "may consider the

---

[4]Since *United States v. Booker*, 543 U.S. 220 (2005), "we have distinguished between procedural and substantive reasonableness" in sentencing determinations. *United States v. Poynter*, 495 F.3d 349, 351 (6th Cir. 2007). In this case, however, Worex makes no procedural challenge to her sentence; therefore, we will review only for substantive reasonableness.

extent of the deviation" but must accord "due deference" to the district court's determination that the § 3553(a) factors support a variance. *Id.* However, "[t]he fact that [this] court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* "Our analysis is the same regardless of whether the sentence enhancement constitutes a Guidelines departure or a § 3553(a) variance." *Vowell*, 516 F.3d at 510.

## A.

Worex contends that the district court abused its discretion by imposing an above-Guidelines sentence based upon the factual circumstances of her case when her potential involvement in the Piatt and Burrell shootings had not been proven by a preponderance of the evidence. She therefore argues that the 24-month upward variance from the 18–24 month Guidelines range, which resulted in a 48-month sentence, was premised upon improper judicial fact-finding. In response, the government contends that, although facts affecting the applicable Guidelines range must be found by a preponderance of the evidence, the district court is not required to evaluate each § 3553(a) sentencing factor under this standard. *See United States v. Hyler*, 308 F. App'x 962, 966 (6th Cir. 2009) ("[T]he applicable standard for permissible judicial factfinding in the context of making advisory Sentencing Guidelines calculations is a 'preponderance of the evidence' standard.")

"Since *Booker*, we have reaffirmed the doctrine that district judges in determining defendants' sentences may consider facts that they find under a preponderance-of-the-evidence standard." *United States v. Klups*, 514 F.3d 532, 537 (6th Cir. 2008) (citing *United States v. Mendez*, 498 F.3d 423, 426–27 (6th Cir. 2007)). This conduct, as here, may involve violations of state law or federal law. *Id.* at 538. Furthermore, "a post-*Booker* sentencing court may consider even

acquitted conduct if it finds facts supporting that conduct by a preponderance of the evidence."
*Mendez*, 498 F.3d at 427 (internal quotations omitted). We have also acknowledged that the district court may consider "uncharged or dismissed conduct for sentencing purposes by making findings based upon a preponderance of the evidence before it, so long as the court understands that the Guidelines are advisory only, and it does not rely upon judge-found facts to impose a sentence above the statutory maximum." *United States v. McCormick*, No. 08-4598, 2010 WL 4457420, at *4 (6th Cir. Nov. 1, 2010); *see also United States v. Sexton*, 512 F.3d 326, 330 (6th Cir. 2008) (stating that "judicial fact-finding done by the preponderance of the evidence is permissible"); *United States v. Haj-Hamed*, 549 F.3d 1020, 1026 (6th Cir. 2008) (noting that "a district court can consider uncharged or dismissed conduct for sentencing purposes" when it "make[s] findings by a preponderance of the evidence").

At Worex's sentencing, the district court acknowledged its obligation "to impose a sentence that's sufficient but not greater than necessary to comply with the purposes of sentencing established by the United States Congress" and to consider the § 3553(a) sentencing factors, including the Guidelines range, the defendant's personal history and characteristics, the interest in imposing uniform sentences for those convicted of similar conduct, the nature and circumstances of the offense, public safety, and the need to impose a sentence that promotes respect for the law. The district court observed that Worex did not have a lengthy criminal history, was consistently employed, and had no significant history of alcohol or drug abuse. It further remarked that the possession of firearms and ammunition by a convicted felon, standing alone, was "not among the most serious [offenses] that this court sees." Yet, the district court also found that the circumstances

of Worex's offense—in particular, her potential involvement in the Piatt and Burrell shootings—rendered her weapons possession crime more dangerous than that of a typical defendant and underscored the need to protect the public.

In *Haj-Hamed*, we stated that the district court may consider uncharged conduct for sentencing purposes, but in order to do so, it "must make findings by a preponderance of the evidence." 549 F.3d at 1026; *see also McCormick*, 2010 WL 4457420, at *4. Here, it is undisputed that, at the time of her sentencing, Worex had not yet been charged for her role in the Piatt and Burrell shootings. Moreover, the district court conceded that the evidence regarding this uncharged conduct, albeit incriminatory, was insufficient to establish her involvement by a preponderance of the evidence. Indeed, the court stated that "if there were sufficient evidence . . . to conclude even by a preponderance of the evidence that [Worex] aided and abetted . . . or encouraged these offenses in some way, [it] would impose the statutory maximum sentence here." It nevertheless imposed a 24-month upward variance from the maximum Guidelines range because the circumstances "suggest[ed] a connection between [Worex] and those who were actively involved" in the shootings. Yet, under *Haj-Hamed*, before enhancing Worex's sentence based upon her alleged involvement in the shootings, the district court was first required to make findings by a preponderance of evidence regarding this uncharged conduct. The district court did not do so, and its decision was therefore an abuse of discretion.

In disputing Worex's claim, the government draws our attention to *United States v. White*, 551 F.3d 381 (6th Cir. 2008) (*en banc*), to argue that, because Worex was sentenced within the ten-year statutory range for a violation of 18 U.S.C. § 922(g)(1), the district court was entitled to

consider the nature and circumstances of her offense, including her alleged involvement in the shootings, without finding this fact by a preponderance of the evidence. In *White*, we affirmed the vitality of *Mendez* and held that a sentencing court may consider acquitted conduct for the purpose of offense-level enhancements without running afoul of a criminal defendant's Sixth Amendment right to a jury trial, provided that the enhancements do not increase the sentence beyond the maximum penalty provided under the United States Code. *Id.* at 386. We stated that, "[s]o long as the defendant receives a sentence at or below the statutory ceiling . . . the district court does not abridge the defendant's right to a jury trial by looking to other facts, including acquitted conduct, when selecting a sentence within the statutory range." *Id.* at 385. Yet, we further acknowledged that the sentencing court must be persuaded by a preponderance of the evidence in order to enhance a defendant's sentence based upon acquitted conduct. *Id.* at 386 (stating that district courts are not required to enhance a defendant's sentence based upon acquitted conduct because "a factual presentation that fails to persuade a jury beyond a reasonable doubt may well fail to persuade a judge by a preponderance of the evidence"); *see also United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir. 2005) ("[D]istrict courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct . . . .") The government's reliance upon *White* is therefore misplaced.

The government also maintains that Worex's uncharged criminal conduct "did not control the district court's sentencing determination" because the court stated that it would have imposed the ten-year statutory maximum sentence had it determined by a preponderance of the evidence that she was involved in the Piatt and Burrell shootings. This argument is unpersuasive. At sentencing,

the district court acknowledged that a violation of § 922(g)(1) was "certainly [] not among the most serious [offenses] that this court sees if everything else were equal," and it also remarked that Worex had minimal criminal history, stable employment, and no evidence of alcohol or drug abuse. Indeed, the district court's discussion makes clear that the 24-month upward variance was premised upon the circumstances of Worex's offense, which "suggest[ed] at least some involvement" in the shootings and rendered her behavior "more dangerous than is true in the typical case." Thus, contrary to the government's claim, the district court imposed the 24-month upward variance to Worex's sentence based upon its belief that she played a role in the shootings. As stated above, this decision was an abuse of discretion, as the court did not find by a preponderance of the evidence that she was, in fact, involved in the Piatt and Burrell shootings. We express no opinion on whether the evidence could support such a finding.

B.

Worex next contends that her 48-month sentence is substantively unreasonable because co-defendant Moore, who likewise pled guilty, was sentenced to time served, amounting to an 8-month incarceration. In particular, she argues that her disparate sentence violates § 3553(a)(6), which obligates the trial court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Yet, even assuming that Worex and Moore were similarly situated co-defendants, Worex has not stated a colorable claim on this basis because § 3553(a)(6) "is concerned with *national* disparities among . . . defendants with similar criminal backgrounds convicted of similar criminal conduct" and is "not concerned with disparities between one individual's sentence and

another individual's sentence, despite the fact that the two are co-defendants." *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007) (emphasis added). Indeed, we have explained that the purpose of § 3553(a)(6) is to promote national uniformity among similarly situated offenders "so as to leave room to depart downward for those defendants who are truly deserving of leniency." *Id.* at 624.

Moreover, Worex and Moore were not similarly situated at the time of sentencing. To the contrary, the government moved for downward departure pursuant to U.S.S.G. § 5K1.1 with respect to Moore's sentence based upon his "cooperation with law enforcement in the investigation of others." The government noted that Moore had agreed to testify against co-defendant Worex; agreed to testify in the state's attempted murder case against Lyons; provided information to the Greene County Sheriff's Department concerning the circumstances of the shooting; and had no apparent involvement in the shootings. The district court granted the government's motion, which resulted in an applicable Guidelines range of 8–14 months, and sentenced Moore to time served. Given the downward departure, Moore was not similarly situated to Worex, and the district court did not abuse its discretion by imposing disparate sentences. *See United States v. Olds*, 309 F. App'x 967, 976 (6th Cir. 2009) (noting that "disparities between codefendants can exist for valid reasons, including . . . differences in criminal histories and the decision of one to plead guilty and cooperate with the government").

### III.

For the reasons set forth above, we vacate Worex's sentence and remand the case to the district court for resentencing.